CHARLES A. YATES and MATTHEW H. GRIFFITH, Appellants, *v.* HENRY W. NORTH, impleaded with another, Respondents.

On a motion to vacate an attachment, if the motion is made upon affidavits, the plaintiff may introduce additional affidavits, but only to contradict, answer or explain those read on behalf of the defendant. Affidavits to qualify, or remedy defects in, the papers upon which the attachment was originally granted, should not be heard.

An order setting aside an attachment is appealable to this court.

(Argued January 1st, 1871; decided May 1st, 1871.)

APPEAL taken in January, 1868, from an order of the General Term of the Supreme Court, in the fifth judicial district, affirming an order made at Special Term, vacating and setting aside an attachment issued in this action, on the 22d day of March, 1867, by one of the justices of the Supreme Court, under the Code, on the ground that the defendants had assigned, disposed of and secreted, or were about to assign, dispose of and secrete, their property with intent to defraud their creditors. The facts, so far as they are material to the decision, sufficiently appear in the opinion of the court.

*J. R. Swan, Jr.*, for the appellants.

*F. Kernan*, for the respondents.

LOTT, Ch. C. The respondents' counsel has raised the preliminary objection, that the order in question is not appealable. This objection is not well founded. The decisions cited by the counsel, apparently sustaining it, were made in cases decided prior to the amendment of the Code, made in May, 1870, by chapter 741 of the Laws of that year. That enlarged the class of appealable orders so as to include the one in question, and it was held by a majority of the court, in *Leland* v. *Hathorn* (42 N. Y. Rep., 457), to apply to an appeal from an order not previously appealable, pending when that amendment took effect. The running heading in the report would indicate that that case was decided at the March term. It was, in fact, submitted to the court at that term, but was not decided until the following June term, and the amendment was passed intermediate the submission and decision.

Assuming, then, that the appeal must, under that decision, be retained, an examination into the merits of the order appealed from is necessary.

It appears by the affidavit of one of the plaintiffs, on which the attachment was issued, that this action was commenced to recover the amount claimed to be due to the plaintiffs for goods sold by them to the defendants on a credit of three months, which had expired, and that after this credit expired the plaintiffs took a note of the defendants for that indebtedness, endorsed by Elizabeth L. North, dated February 6th, 1867, payable sixty days after its date. This note was outstanding, and had not matured when the attachment was issued (which was on the 22d day of March, 1867). The plaintiffs, however, in that affidavit claimed the note to be inoperative and void by reason of false representations alleged to have been made in relation to the means and responsibility of the endorser; but the statements in reference to such representations are made on information derived from the agent, who took the note for the plaintiffs, and by whom the negotiation for the taking thereof was conducted, without the production of an affidavit by the agent himself or any other affidavit of such representations.

This was not sufficient to justify the plaintiffs in repudiating the note and having recourse to the original cause of action. As the note had not matured at the time of the commencement of the action and the issuing of the attachment, no cause of action existed against the defendants.

It follows that the attachment was improperly issued, and that was one of the grounds stated in the notice of motion for setting aside and vacating the attachment.

It is claimed, however, on behalf of the plaintiffs, that they had a right, in opposing the motion of the defendants, to read supplemental affidavits to sustain the attachment and remedy the defects in the affidavits on which it was originally issued. This claim is based on the fact that the motion was in part founded on an affidavit read on behalf of the defendants. That affidavit did not deny or contradict any of the allegations on which the attachment was issued. It stated that the indorser of the note was the wife of one of the defendants, that the agent who negotiated for and took it, knew that fact, and the other allegations therein tended to show that her separate estate was not bound or charged by reason of her indorsement.

The court, on the objection taken on behalf of the defendants, refused to receive such affidavits.

I find no statutory provision, and none has been referred to on the appellants' points, allowing the plaintiffs the right claimed by them.

There was an amendment of section 241 of the Code made in 1857, providing that "in all cases the defendant may move to *discharge* an attachment, as in the case of other provisional remedies, and the right is given in cases of orders of arrest by sections 204 and 205, and in cases of injunction order by sections 225 and 226, to apply on motion to vacate the same; and it is further provided therein, that if the motion or application be made upon affidavits on the part of the defendants, but not otherwise, the plaintiffs may opppose the same by affidavits or other proofs in addition to those on which the order of arrest or injunction was granted, but I find no such provision in reference to attachments.

But assuming that the right to read affidavits in opposing a motion to discharge an attachment exists, they are admissible only to contradict, answer or explain those read on behalf of the defendant.

The views expressed by Judge LEONARD on the rule of practice in such cases, meet my approval. It follows that there is no ground for the reversal of the order appealed from. It must, therefore, be affirmed, with costs.

LEONARD, C. The affidavit upon which the attachment was granted contains no sufficient statements to authorize the issuing of such process. There was a general statement only that a fraudulent disposition of the defendants' property had been made. Neither a general statement of fraud nor a statement on information and belief, without showing that the person from whom the information was obtained, is absent, or that his deposition cannot be procured, is sufficient to authorize the granting of an attachment. The facts should be stated from which the legal conclusion of fraud must flow. The defendants could have successfully moved to vacate the attachment on the papers whereon it was granted. Had the defendant so moved, it cannot be claimed that his motion could have been resisted by further affidavits on the part of the plaintiffs to fortify the defective papers on which the attachment was granted. The attachment must stand or fall by the original papers, when the facts therein stated are admitted by the defendant on a motion to vacate.

Such is the condition upon which the present motion was brought before the court below. There was an insufficient or defective allegation of fraud as to the disposition of the defendants' property. The defendant makes no denial or attempt to avoid the charge as presented by the original papers, but relies entirely on the insufficiency of the proof, as required by the provisions of the Code in such cases. If the plaintiff is permitted to add further proof, so as to make a different case, it will operate as a surprise upon the defendant and convert his motion to vacate into an application by

the plaintiff to be relieved from his fault or irregularity, and it could not be expected that the defendants would be prepared to oppose the application without notice.

The affidavit served by the defendant, with his notice of motion, does not affect the question above stated. The affidavit relates to another branch of the plaintiffs' case. A note had been taken from the defendant by an agent of the plaintiffs, extending the time of payment of the original demand, and the plaintiffs prepared their papers to apply for the attachment so as to prove, in addition to the fraudulent disposition of the defendants' property, that the apparent extension of the time of payment had been obtained from their agent by fraudulent statements, thereby authorizing them to disregard the extended credit and proceed for the collection of the original demand.

These statements had no relation to the grounds upon which an attachment may issue as provided by the Code. (Section 229.) In fact they were wholly unnecessary. The question whether the time of payment had been extended, would not arise, unless the defendants raised it by their answer to a complaint on the original demand. It was a fact to be litigated or not, as the defendants elected when they interposed their answer. The plaintiffs, however, chose to open that branch of the case in their application for an attachment.

The affidavit served by the defendant North, with his notice of motion to vacate the attachment, shows that the lady who became liable on the note given to obtain the extension of the credit to the defendants, was a *feme covert*, and he seeks to raise the argument from that fact, that the representations concerning her property, which are alleged to be false, whereby the original demand was revived, were of no consequence or materiality. This issue is collateral to the inquiry whether the plaintiffs were entitled by the Code to the process of attachment. As the defendant sought, by his moving papers, to avoid the force of that issue, I suppose it was admissible for the plaintiffs to read affidavits to meet that

branch of the case. The issue was wholly immaterial. It could not be heard or decided upon affidavits, because it was an issuable fact, on which the right to maintain the action depended, or might depend, if the defendants should plead the extension of the credit. Had the defendants' motion depended upon this issue, he could not have succeeded, for the reason indicated, however preponderating his proof might have been.

· The service of the affidavit of the defendants, as before observed, had no relation to the main question of the·fraudulent disposition of the defendants' property. It gave the plaintiffs no right to fortify their original papers on the main and only material question to be considered. It has been repeatedly so held. (22 Howard's P. R., 272.) The rule is the same in regard to motions in cases of arrest or injunction. Where the defendant moves on the plaintiff's original papers, it is not the practice to allow the plaintiff to read affidavits to fortify or sustain his process.

2. At the time the appeal was taken,· January, 1868, the fourth subdivision to section 11 of the Code had not been adopted. I think the order was not then appealable.

It is not important, however, whether the appeal be dismissed, or the order affirmed with costs.

Order affirmed with costs.   ·