### RICHTER v. WISE.

*Attachment — what must be stated in affidavit for — defect cannot be supplied on motion to set aside.*

To authorize an attachment it is not sufficient to state the amount of plaintiff's claim, and the legal conclusion that he has a just cause of action; the grounds or the subject-matter of the claim must be set forth.

The omission of this statement cannot be supplied on a motion to discharge the attachment.

APPEAL by defendant from an order at special term denying a motion to vacate and set aside an attachment.

The action was brought by Daniel Richter against Marx Wise to recover the amount of an alleged indebtedness. The opinion states sufficient facts.

*Kurtzman & Yeaman*, for appellant.

*Bushnell & Albright*, for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

BRADY, J. The affidavit of the plaintiff states that he has a just cause of action against the defendant for the amount named in the summons and for which he has commenced an action. He does not

state the facts constituting the cause of action. The warrant of attachment can be issued only when it shall appear that a cause of action exists against the defendant, specifying the amount thereof and the grounds thereof. Code, § 229. See 2 Wait's Pr. 146 ; *Zeregal* v. *Benoist*, 33 How. 129.

It is not sufficient to state the amount of the claim and the legal conclusion that the plaintiff has a cause of action. The attachment is not granted in all cases in which a cause of action exists. It is allowed as a provisional remedy in two classes of cases only: 1. In actions arising on contract for the recovery of money only. 2. In actions for the wrongful conversion of personal property. Code, § 227.

The grounds, or, in other words, the subject-matter of the claim must be set forth to enable the court to determine whether the application comes properly within the purview of the statutes, whether the demand is one arising upon contract or for the wrongful conversion of personal property. *Zeregal* v. *Benoist, supra.*

The omission of this statement, which is one of substance and not of form, is fatal, and it cannot be supplied on a motion to discharge the attachment which is made upon the papers upon which it was granted. The defect cannot in such a proceeding be cured in that way. *Yates* v. *North*, 44 N. Y. 271.

The order made at special term for these reasons must be reversed, with $10 costs and disbursements.

*Order reversed.*