THE STEUBEN COUNTY BANK, Respondent, *v.* SAMUEL F. ALBERGER, Impleaded, etc., LOUISA F. ALBERGER, Judgment Creditor, Appellant.

Under the provision of the Code of Civil Procedure (New Code, § 682), giving a person having a lien upon property attached, acquired subsequent to the attachment, a right to apply to vacate or modify the writ, he may make application on the ground of the insufficiency of the affidavits upon which the writ was issued.

The provision of the Code (§ 683), prescribing the method of making such application, gives the moving party the option to move either upon the papers on which the attachment was granted alone, or upon proofs on his part, and if he elects the former, the plaintiff is confined to the original affidavits.

The word "defendant" in that portion of the section declaring that the application "may be founded upon proof by affidavit on the part of the defendant," designates the party making the motion, whether the party to the record or a lienor.

Where a lienor moves upon the original papers and upon an affidavit, simply showing the existence of his lien, this does not make the motion one "founded upon proof by affidavit," within the meaning of that section, so as to entitle plaintiff to support the attachment by new affidavits ; the additional affidavit simply establishes a preliminary fact necessary to be shown to give the court jurisdiction, and the motion is founded on the papers on which the attachment was granted.

*The Steuben Co. Bank* v. *Alberger* (14 Hun, 379), reversed.

(Argued October 1, 1878 ; decided November 12, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order of Special Term which denied a motion on behalf of Louisa F. Alberger, a judgment creditor of defendant Samuel F. Alberger, to vacate an attachment herein as to property of said defendant. (Reported below, 14 Hun, 379.)

The facts sufficiently appear in the opinion.

*A. G. Rice,* for appellants. Plaintiff was not entitled to read further proofs in support of the attachment. (Code, § 683; *Yates* v. *North,* 44 N. Y., 271.) The attachment cannot be sustained upon the affidavits upon which it was granted. (7 How. Pr., 383; id., 229; 8 Abb. Pr., 120; 12 Barb., 298; 1 Duer, 662; 24 How. Pr., 284; 13 Abb. Pr., 76; Code, § 635; 3 Sand., 373; 39 How. Pr., 385; 17 id., 559; 13 Abb. Pr., 76; *Hill* v. *Bond,* 22 How., 272.)

*J. F. Parkhurst,* for respondent. Plaintiff had a right to oppose the motion to vacate the attachment by the new proofs sustaining the ground recited in the warrant, even if the motion was founded only upon papers upon which the warrant was granted. (*Ketchum* v. *Ketchum,* 1 Abb. [N. S.], 157; *Frost* v. *Mott,* 34 N. Y., 253; *Hill* v. *Bond,* 22 How., 273; Code, §§ 231, 568, 682, 683, 686; *Rogers* v. *McElhone,* 12 Abb., 293.)

ANDREWS, J. On the 29th day of November, 1877, an attachment was issued by the county judge of Steuben county against the joint and several property of Samuel F. and John L. Alberger, in an action brought by the plaintiff against them and other defendants, and was levied upon the real and personal property of the defendant, Samuel F. Alberger. The attachment was issued upon affidavits presented to the county judge, tending, as the plaintiff claimed, to establish that the defendants, Samuel F. and John L. Alberger, were about to assign, dispose of and secrete their property, with intent to defraud their creditors; and this was the ground

of the attachment, recited in the warrant. The plaintiff recovered judgment in the action against the Albergers' December 4, 1877. On the 3d of December, 1877, Samuel F. Alberger confessed a judgment in favor of Louisa F. Alberger ; and on the next day an execution thereon was duly issued and levied on the attached property. Louisa F. Alberger, the plaintiff in this judgment, thereupon moved to vacate the attachment in the bank suit, as to the individual property of Samuel F. Alberger, on the ground of the insufficiency of the affidavits upon which it was issued. The notice of motion specified that the motion would be made upon the warrant of attachment, the affidavits upon which it issued, and the affidavit of Louisa F. Alberger, served therewith. The latter affidavit stated the granting of the attachment and the levy thereunder, and set out the recovery of the judgment in favor of the affiant, and the execution and levy, as hereinbefore stated. It did not controvert any of the facts alleged in the affidavits upon which the attachment issued, and was made solely for the purpose of showing the right of the affiant, as lienor, to intervene in the proceeding. The bank, on the hearing of the motion, offered to read additional affidavits in support of the attachment, and to fortify the ground upon which it was issued. The counsel for the moving party objected to their being read, on the ground that the motion was founded on the affidavits upon which the attachment was granted, and that additional affidavits upon the merits of the original application were not admissible. The court overruled the objection and permitted the affidavits to be read, and subsequently, without passing upon the sufficiency of the original affidavits, held and decided that the subsequent affidavits established the ground stated in the warrant of attachment, and for this reason refused to vacate it.

The correctness of the ruling depends upon the construction of sections 682 and 683 of the Code of Civil Procedure. Before considering these sections, it is proper to refer to the prior law and practice in respect to vacating attachments.

Section 241 of the Code of 1848, as amended in 1869, provides that the defendant may move to discharge an attachment, as in case of other provisional remedies. There was no further provision on the subject in the chapter relating to attachments.

The right of a defendant, against whom an order of arrest or an injunction order had issued, to have them vacated on motion, was declared in the chapter relating to those remedies, §§ 204, 225. In both of those cases it was expressly provided that if the application was made on affidavits, on the part of the defendant, the plaintiff might oppose the same by affidavits or other proofs, in addition to those on which the order was granted, *but not otherwise.* (§§ 205, 226.)

In analogy to the practice in those cases, and by force of the clause in section 241, which has been cited, it was held that where an application to vacate an attachment was made, on the papers on which the attachment was issued, new affidavits, on the part of the plaintiff, to support the attachment, could not be read on the motion. (*Yates* v. *North*, 44 N. Y., 271.) The right to move to vacate an attachment, or other provisional remedy, was, by the section of the Code referred to, given to the defendant in the action ; and it was held that a third person, although a creditor, could not move to vacate an attachment for insufficiency of the affidavits on which it was granted. (*Morgan* v. *Avery*, 7 Barb., 656; *In re Griswold*, 13 id., 412; *Isham* v. *Ketchum*, 46 id., 43.) The court could, however, in virtue of its general jurisdiction over frauds, interfere and set aside attachments collusively obtained in fraud of creditors. (*Frost* v. *Mott*, 34 N. Y., 253.)

Having in view the state of the law in respect to the vacating of attachments when the New Code was enacted, we are to consider what changes have been made by the Legislature. Section 682 enacts a new rule in respect to the right of third persons to intervene by motion to vacate an attachment. It provides that the defendant, or a *lienor*, who has acquired a lien upon or interest in the property of the defendant after

the attachment, may apply to vacate or modify the warrant,—thus extending the remedy by motion to vacate, which was before confined to the defendant, to persons having liens on the attached property, acquired subsequent to the attachment. There is no discrimination in this section in respect to the grounds upon which the application may be made,—depending upon the fact whether it is made by the defendant or a *lienor*. The right to make the motion is given, by the same clause, to each class of persons mentioned; and unless the section is qualified by some other provision of the statute, we think the court cannot make such a discrimination, or declare that, while the defendant may proceed on the ground of the insufficiency of the affidavits, a lienor is confined to the question of fraud.

Section 683 provides before what court or judge, and how the motion may be made. It says : " An application, specified in the last section, may be founded only upon the papers upon which the warrant was granted ; in which case, it must be made to the court, or, if the warrant was granted by a judge out of court, to the same judge, in court or out of court, and with or without notice, as he deems proper. Or it may be founded upon proof, by affidavit, on the part of the defendant ; in which case, it must be made to the court, or, if the warrant was granted by a judge out of court, to any judge of the court, upon notice ; and it may be opposed by new proof, by affidavit, on the part of the plaintiff, tending to sustain any ground for the attachment, recited in the warrant, and no other, unless the defendant relies upon a discharge in bankruptcy  *  *  *  in which case, the plaintiff may show any matter, in avoidance thereof, which he might show upon the trial." This section, I think, continues the distinction which before existed, and gives to the moving party the option to make his application to vacate the attachment, either upon the papers alone upon which it was granted, or upon proofs, on his part, and confines the plaintiff, in the one case, to the original affidavits, and allows him, in the other, to sustain, by new proofs, his right

to an attachment, upon any of the grounds stated in the warrant.

It is claimed by the learned counsel for the plaintiff, that the clause in the second sentence, commencing " and it may be opposed," etc., applies to the whole preceding part of the section ; and that it was the intention of the Legislature, in all cases, to give the plaintiff the right to support his attachment by new affidavits. But this view is inadmissible. The punctuation of the section is opposed to it and, what is of more importance, the supposed intention is inconsistent with the provision in the first clause of the section, which allows a judge to hear the motion, without notice, when it is made on the papers upon which the warrant was granted, in which case the plaintiff would have no opportunity to present fresh affidavits.

The rule that the plaintiff cannot, on a motion to vacate an order granting a provisional remedy, use new affidavits, when the motion is made on the original papers, is applied by the New Code to a motion to vacate an injunction order (§ 627) and an order of arrest (§ 568). The fact that by the amendments of 1877 the Legislature amended section 568, so as to more distinctly indicate the intention that the application to vacate an order of arrest, when made upon the original papers, should be heard on those papers only, does not, we think, justify a different construction of section 683.

Having reached the conclusion that the plaintiff cannot, on a motion to vacate an attachment, introduce new proofs to sustain or fortify the grounds upon which it was issued, where the motion is founded upon the papers upon which the warrant was granted, it only remains to determine whether the motion in this case was founded upon proof, by affidavit, on the part of the defendant, within the meaning of section 683. We concur in the opinion of the court below, that the word *defendant*, in this section, designates the party making the motion, whether the party to the record or the lienor.

The claim is that the lienor, having made an affidavit

showing the existence of her lien, which was attached to the motion papers; and referred to in the notice of motion, the motion was one "founded upon proof, by affidavit, on the part of the defendant," and entitled the plaintiff to support the attachment by new affidavits. We are of opinion that this did not make the motion one "founded upon proofs, by affidavit," on the part of the defendant, within the meaning of the section. Such a construction would make it impossible for a lienor to move, on the papers on which the warrant was granted, under the first clause of the section. The affidavit was made to show the right to move of the party making the motion, and to give her a standing in court. The fact proved was wholly extrinsic to the merits of the controversy. It was a preliminary fact, shown to give the court jurisdiction of the proceeding. The affidavit did not touch the right of the plaintiff to the attachment, and the motion was, we think, founded, within the meaning of the section, on the papers upon which the warrant was granted.

In this view, the ruling of the court, in admitting the new affidavits, was erroneous; and the order of the Special and General Terms should be reversed and the case remitted to the Special Term, to pass upon the question of the sufficiency of the affidavits upon which the attachment was granted.

All concur, except Miller and Earl, JJ., absent at argument.

Ordered accordingly.