## N. Y. COMMON PLEAS.

## TROW'S PRINTING AND BOOKBINDING COMPANY agt. JAMES W. HART.

*Attachment — Purchaser of attached property may move to vacate — where motion is made upon the papers on which warrant is granted, plaintiff cannot put in additional affidavits in support of attachment — An affidavit is insufficient which fails to state that plaintiff is entitled to recover the sum stated over and above all counter-claims known to him — Code of Civil Procedure, sections 636–682).*

A purchaser, from a defendant in an action, of certain property against which an attachment has been issued, may, under section 682 of the Code of Civil Procedure, move to vacate the attachment.

The attachment was properly vacated, on the ground that the affidavit did not show that the plaintiff was entitled to recover a sum stated therein over and above all counter-claims known to him (*Code of Civil Procedure, sec* 636).

Where the motion to vacate the attachment is made upon the papers on which the warrant is granted, the plaintiff cannot put in additional affidavits in support of the attachment.

*General Term, December,* 1880.

APPEAL by plaintiff from order of special term of February 11, 1880, vacating attachment issued August 23, 1878,

against the defendant's property in this action, under section 636 of the Code.

The motion to vacate the attachment was made by Nelson Sherwood, a purchaser from defendant of certain real estate, subject to the lien of the attachment.

J. F. DALY, J. — Any person who has acquired a lien upon or interest in the defendant's property after it was attached may, at any time before the actual application of the attached property or the proceeds thereof to the payment of a judgment recovered in the action, apply to vacate or modify the warrant, or to increase the security given by the plaintiff, or for one or more of those forms of relief, together or in the alternative. Such are the broad provisions of section 682 of the Code, and they are broad enough to include purchasers, assignees and other transferees of the attached property among those who may apply to vacate the attachment. A subsequent attaching or execution creditor may be described as a person who has acquired a lien, and so may a subsequent mortgagor; but the section enumerates, also, the persons who may have acquired an interest in the property, and the intention to extend the benefits of the provision to others besides attaching and judgment creditors of the judgment debtor is manifest. Any arguments based upon the inconvenience to the plaintiff arising from a multitude of motions on the part of different purchasers of portions of the attached property can have no weight against a plain statutory provision. The section under consideration (682) has received no interpretation from the courts as yet, in so far as the point above discussed is concerned. Judge ANDREWS, in *Steuben County Bank* agt. *Alberger* (56 How., 245), speaks of this section as extending to persons having liens on the attached property acquired subsequent to the attachment, the remedy was formerly confined to the defendant, to have the attachment vacated on motion, and speaks of the section providing that the defendant, or a lienor, * * * may apply, and makes no mention

of purchasers or assignees having the right.   But the point in question was not under consideration.   The moving party in that case was a judgment creditor of the defendant in attachment.

As to the next point raised by appellant, it seems clear that a purchaser of a portion of the attached property has acquired an interest in the attached property.   There seems to be no ground for holding that the interest mentioned in the section must embrace all the property attached.   Respondent on this question refers us to the *Royal Insurance Co.* agt. *Noble* (5 *Abb.* [*N. S.*], 54), but that case determines only that an application by the defendant to procure the discharge of the attachment by giving security must be made as to all the attached property; that he cannot choose what portion he will release and give security for that portion only (*old Code, sec.* 240, 241).   The case has no application to a purchaser from the judgment debtor moving to vacate the attachment. The new Code (*section* 687) it may be said, passing, now permits defendant to obtain the discharge of the attachment as to a portion of the attached property on giving an undertaking.

The third point taken on the appeal is that the judge, at special term, should have received the additional affidavits in support of the attachment, which plaintiff offered in answer to the motion.   The motion was made on the affidavit on which the attachment was granted " and all the papers filed and served in said attachment proceedings in the above action."   This confined the papers to those used to obtain the warrant.   Appellant argues that it embraced all the papers in the judgment roll.

The notice, however, distinguishes between the papers in the action and those in the attachment proceedings.   The Code (*section* 636) provides what must be shown to obtain the warrant.   An affidavit and an undertaking are essential; nothing more.   The motion was not made on the complaint nor on the testimony taken on the application for judgment.

The case of *Ives* agt. *Holden* (14 *Hun*, 402) is clearly distinguishable from this, because the motion there was made on the complaint as well as the affidavit for attachment. As the motion was made upon the papers on which the warrant was granted, the plaintiff could not put in additional affidavits in support of the attachment (*Code*, *section* 683; *Steuben County Bank* agt. *Alberger*, 56 *How.*, 245).

As to the sufficiency of the affidavit upon which the attachment was granted, the decisions are conflicting on the question whether the want of venue makes the affidavit a nullity (*Barnard* agt. *Darling*, 1 *Barb. Ch.*, 218; *Cook* agt. *Staats*, 18 *Barb. R.*, 407); but the absence of an indispensable allegation makes the affidavit defective. The Code (*section* 636) provides that the affidavit must show that the plaintiff is entitled to recover a sum stated therein over and above all counter-claims known to him. This is a wholesome provision, and, as the statute must be strictly observed, the allegation in the precise form, or in substance, is as necessary as the statement of a cause of action or of the grounds on which the attachment is applied for. This view has been taken by the Supreme Court (*Lyon* agt. *Blakesly*, 19 *Hun*, 299, *General T.*, *Second Department*, 1879). The allegation in question is not found in the affidavit of Edward Lange, on which the attachment was issued, and the attachment was properly vacated.

The order should be affirmed, with costs.

DALY, C. J., and VAN HOESEN, J., concur.