## New York Marine Court.

*Special Term—December*, 1882.

## ALBERT HIRSCH *against* ROBERT J. HUTCHISON et al.

An attachment is justified in favor of a creditor on a joint demand for goods sold and delivered where one of two copartners, jointly and individually insolvent, makes a fraudulent transfer of his interest in the firm to his copartner.

Motion to vacate attachment.

*Henry Arden*, for the motion.

*Frankenheimer & Rosenblatt*, opposed.

McAdam, J.—The plaintiff's affidavit, after stating the amount of his demand over and above all counter-claims, proves that the defendants, who were partners, on the 25th day of September, 1882, were both jointly and individually insolvent, and that being so insolvent and indebted to the plaintiff and others, on joint demands, the defendant Roany made a fraudulent transfer of his interest in the firm to his copartner and co-defendant Hutchison. The defendant Hutchison moves on the original papers to vacate the attachment, and thereby admits for the purposes of this motion that the charges made are true. The sole question, therefore, is whether the sale conceded to be fraudulent justifies the attachment.

On first impression it would seem that a transfer from the one joint debtor to the other could not prejudice the plaintiff in collecting his debt; but this impression is removed by considering the legal effect of such a transfer, which makes the one partner the sole owner of the firm's property, and gives his individual creditors a preference over the joint creditors of the firm in the marshaling of the assets (*Story's Eq. Jur.* §§ 646, 675; 2 *Spence's Eq. Jur.* 213; and see 4 *Barb.* 571; 41 *Id.* 307; 52 *N. Y.* 146).

The defendant also claims that, as the action is brought to recover a balance due " for goods sold and delivered," it is not such an action as is contemplated by section 635 of the Code, which permits an attachment "where the action is to recover a sum of money only, as damages for . . . breach of contract."

But this position is untenable. The action is for goods sold and delivered. It is founded on contract— the agreed price or the reasonable value being the measure of damages, and the breach consisting in the defendants' failure to perform their part of it, to wit, by paying the price or value. The words employed in the present Code are even more comprehensive than

those employed by section 227 of the old Code. When the codifiers superseded this section (227) by the new section (635) they did not intend to limit or restrict, but rather to enlarge, the right of attachment, so as to have it comprehend not only attachments in actions " arising on contract for the recovery of money only," but every action " for the recovery of damages for breach of [any] contract." This is the more reasonable construction of the legislative intent.

The additional affidavit offered by the plaintiff on the argument has not been considered, because I regard section 683 of the Code of Civil Procedure as merely declaratory of the (then) existing rule of practice in regard to new papers, as reaffirmed by the court of appeals, in Yates *v.* North (44 *N. Y.* 271), and hold that the case of Ives *v.* Holden (14 *Hun*, 402) must be limited in its application to the practice as declared in Yates *v.* North (*supra*). Motion to vacate attachment denied, with $10 costs, and with leave to renew on affidavits.

A transfer by one partner of an interest in or a lien given by him upon the *corpus* of the partnership property to pay an individual debt, although made with the consent of the other partners, is fraudulent and void as to the creditors of the firm, unless the firm was at the time solvent, and sufficient property remained to pay the partnership debts (Menagh *v.* Whitwell, 52 *N. Y.* 146). Effect of transfer or mortgage by one partner to a stranger, and of a judgment recovered against the firm (*Ib.*). Effect of such mortgage on levy under said judgment (*Ib.*).