ROBERT T. SMITH and WILLIAM A. WICKS, Respondents,
*v.* JOHN B. DAVIS, Appellant.

*Attachment — when it should be set aside because of the insufficiency of the affidavit upon which it was granted.*

Upon the application of the plaintiffs an attachment was issued against the property of the defendant upon an affidavit made by the plaintiff Smith, in which he stated that he was one of the plaintiffs comprising the firm of Smith & Wicks; that the defendant was "indebted to the above named plaintiff in the sum of $11,398.65 over and above any counter-claims or offsets, and that the grounds for the plaintiffs' claim are as follows, to wit: For goods, wares and merchandise sold and delivered to the amount of said sum of $11,398 65; the whole amount whereof is now due and owing." It then alleged the non-residence of the defendant.

*Held,* that the affidavit failed to show the existence of any indebtedness from the defendant to the plaintiffs, and that the attachment should be vacated upon the application of one who, subsequent to the issue thereof, acquired an interest in the property seized.

APPEAL by Edward D. Christian from an order made at a Special Term denying a motion to set aside an attachment issued in this action against the defendant.

*William L. Royall,* for the appellant.

*E. More,* for the respondent.

DANIELS, J. :

The applicant in whose behalf the motion to set aside the attachment was made was shown to have acquired an interest in the property attached after the levying of the attachment. That entitled him to move to set it aside because of the insufficiency of the affidavit on which it had been issued. (*Steuben Co. Bank v. Alberger,* 75 N. Y., 179; 78 id., 252.) When that case was last before the Court of Appeals it was definitely decided that such a party had the right under the provisions of the Code to make and maintain a motion of this nature, if in fact the affidavit was not sufficient to justify the issuing of the attachment; and that was claimed to have been the effect of the affidavit upon which the attachment in the action had been issued. The affidavit was

exceedingly brief, and after being entitled in the action was in the following words and figures:

City and County of New York, ss.:

" Robert T. Smith, being duly sworn, doth depose and say that he is one of the plaintiffs composing the firm of Smith & Wicks; that the above named defendant is indebted to the above named plaintiff in the sum of eleven thousand three hundred and ninety-eight and 65-100 dollars over and above any counter-claims or offsets, and that the grounds for plaintiffs' claim are as follows, to wit: For goods, wares and merchandise sold and delivered to the amount of said sum of $11,398.65. The whole amount whereof is now due and owing. And this deponent further says that the defendant is not a resident of this State, but resides and is at Richmond, in the State of Virginia.

"ROBERT T. SMITH."

Sworn to before me, this 15th day
    of September, 1882.

Alex. Wiley,
*Notary Public, N. Y. Co.*

By this affidavit no demand in favor of the plaintiffs against the defendant was established. But whatever might have existed was stated to be an indebtedness "to the above named plaintiff," who was the person alone who made the affidavit, and this indebtedness was stated to have been created for goods, etc., sold and delivered to the amount of $11,398.65, the whole of which was then due and owing. These statements, besides being insufficient to establish a cause of action in favor of the plaintiffs, were likewise insufficient to present a cause of action in favor of the one of them who made the affidavit, for it was not stated that either the plaintiffs or he himself had sold and delivered the goods, or that such sale had been made to the defendant in the action. All the facts mentioned may very well be true and still the defendant not be liable either to the plaintiffs or to the plaintiff making the affidavit to the amount of a single dollar. To authorize an attachment the provisions of the Code require a cause of action to be shown by the affidavit, and that which was made in this case wholly failed to comply with that requirement. The assertion of the indebtedness itself was a mere conclusion which the facts afterwards related in no manner

tended to sustain, for nothing was inserted in the affidavit from which it could be inferred that it was intended to be stated that the goods had been sold to, or even on the credit or liability of, the defendant in any form. An indictment upon this affidavit accusing the person making it of falsely swearing that the goods had been sold to or on the credit of the defendant could not for a moment be sustained, for no such averment by the most liberal implication can be constructively derived from it.

The case in this respect is no more favorable to the plaintiff than that of *Pomeroy* v. *Ricketts*, recently decided, upon the effect of a similar affidavit, by the General Term of this department. (27 Hun, 242.) No authority has been found under which a seizure of the defendant's property by means of an attachment can be sustained on this affidavit. It has been urged that *Reed* v. *French* (28 N. Y., 294) sanctioned a practice as loose and indefinite as that which resulted in this affidavit. But that was a case arising under the provisions of the Code prescribing the statement required to be made to support the confession of a judgment, and where the defendant himself practically consented that his property might be affected and incumbered by means of the statement which he made. The nature of the provisions made upon this subject do not require that degree of care and strictness which has been found necessary to be observed to protect the owners of property from its unauthorized and unwarranted seizure. To entitle a party to make such a seizure before his right to appropriate the defendant's property has been established by evidence, reasonable and satisfactory proof is required. A plain case must be made out, and where it is not then it necessarily follows that the attachment must be set aside. This rule imposes no hardship upon the applicant for an attachment for he is allowed to make out his case by his own unsupported oath; and where the facts are such as will warrant him in making the statements required for this purpose he should be obliged carefully and intelligently to embody them in the affidavit.

The order should be reversed and an order entered vacating the attachment, with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

So ordered.