# THE MARINE NATIONAL BANK OF NEW YORK, RESPONDENT, *v.* FERDINAND WARD, ULYSSES S. GRANT AND OTHERS, DEFENDANTS. GEORGE C. HOLT, AS ASSIGNEE OF FERDINAND WARD, APPELLANT.

*Attachment — affidavit by agent — it must show the source from which the information is derived — Code of Civil Procedure, sec.* 636

An attachment against the property of the defendants was granted, upon the application of the plaintiff, on the ground that the defendants had fraudulently disposed of their property with intent to defraud their creditors. The affidavit upon which it was issued was made by one Snow, the vice-president, and a director of the plaintiff, a national bank. It stated " that the plaintiff, the Marine National Bank, is, as deponent is informed and verily believes, entitled to recover of the defendants    *    *    *    the said sum of $7,000, over and above all counter-claims known to the plaintiff or to deponent."

*Held,* that it was fatally defective in failing to show that the plaintiff was entitled to recover the sum stated therein, over and above all counter-claims known to it, as required by section 636 of the Code of Civil Procedure.

Although such an affidavit may be made by an agent of the plaintiff where the facts are within his personal knowledge, or where the facts upon which his information and belief are based are disclosed by the affidavit, and are such as to show satisfactorily that the plaintiff is entitled to recover the sum named, over and above all counter-claims known to the plaintiff and the affiant, yet it is not sufficient, where the agent or officer makes such statement upon information and belief, without showing whence and from whom the information was derived, and why the affidavit of his informant was not produced.

The allegations in this affidavit, all of which were made upon information and belief, were also held to be insufficient to show that the defendants had fraudulently disposed of any of their property with intent to defraud their creditors.

APPEAL from an order of the Special Term denying a motion to vacate an attachment.

*T. H. Hubbard*, for the appellant.

*F. N. Bangs*, for the respondent.

DAVIS, P. J.:

The motion to vacate the attachment in this case was made by George O. Holt as general assignee of the property of Ferdinand Ward for the benefit of creditors, under the provisions of section 682 of the Code of Civil Procedure. The motion was made upon the papers upon which the attachment was granted, and upon an affidavit showing that an assignment had been executed and delivered by said Ward to said Holt for the benefit, first, of the individual creditors of Ward, and secondly, of the creditors of the firm of Grant & Ward without preferences, and that as such assignee said Holt had an interest in the property of Ward which had been attached, which interest was acquired after the property was so attached.

Additional affidavits were made on the part of the attaching creditor tending to show that said Holt had no interest in the property attached, on the ground that prior both to the attachment and the assignment Ward had conveyed a parcel of the real estate attached to his wife, and other parcels to one Warner, and claiming that if said Holt had any interest therein, it was because the conveyances were fraudulent as against the creditors of Ward, which fact would sustain the allegations of fraudulent transfer upon which the attachment was granted. We have looked carefully into these affidavits and are of opinion that enough is shown by the affidavits of Holt, notwithstanding the affidavits on the part of the plaintiff bearing upon the question of his interest, to sustain the right of Holt as such general assignee of the property of Ward to make the motion under the provisions of section 682 of the Code. It is now settled that a person who has acquired a lien upon or interest in the property after it has been attached may found his motion to vacate the attachment upon the insufficiency of the papers upon which the warrant was granted. (*Steuben Co. Bank* v *Alberger*, 75 N. Y., 179; Id., 78 id., 252; *Jacobs* v. *Hogan*, 85 id., 243.)

It is asserted by the appellant that the affidavits upon which the

warrant was granted are fatally defective in two particulars : First. That they fail to show that the plaintiff is entitled to recover the sum stated therein over and above all counter-claims known to plaintiff, as required by section 636 of the Code ; and second, that the alleged fraudulent disposition of property by Ward is not sufficiently shown by the affidavits because the material allegations in that behalf are made chiefly upon the information and belief of the affiants. As to both of these objections it may be said that the principal affidavit upon which the attachment was granted was made by one Ambrose Snow on behalf of the plaintiff, the Marine National Bank. He is described therein as the vice-president and a director of that bank, who has been such for several years past. There is no statement that the affiant has had any special knowledge of or connection with the business affairs of the bank, beyond what may be implied in the statement that he is and has been its vice-president and one of its directors.

The statement of his affidavit, upon which the first objection arises, is in these words :

"And deponent further says that the plaintiff, the Marine National Bank is, as deponent is informed and verily believes, entitled to recover of the defendants, composing the firm of Grant & Ward, the said sum of seven hundred thousand dollars over and above counter-claims known to the plaintiff or to deponent."

The Code (§ 636) provides that the affidavit must show that the plaintiff is entitled to recover a sum stated therein over and above all counter-claims known to him. This is an essential part of the affidavit, and if it is omitted or not complied with the attachment will be set aside. (*Lyon* v. *Blakesly*, 19 Hun, 299 ; *Trow's Printing Co.* v. *Hart*, 9 Daly, 413 ; S. C., 85 N. Y., 500). In several cases the courts have held that this provision of the Code must be rigidly complied with, and that a defect in the proof in this respect is jurisdictional. (*Ruppert* v. *Haug*, 87 N. Y., 141 ; *Murray* v. *Hankin*, 30 Hun, 37 ; *Donnell* v. *Williams*, 21 Hun, 216 ; *Dickey* v. *Coe*, 13 Weekly Dig., 318). It is very clear that, in the portion of the affidavit above quoted, there is no statement that the plaintiff is entitled to recover the sum named over and above all counter-claims known to it, based upon the knowledge of any affiant. The affiant states that, as he is informed and verily believes, that is the case.

He does not assert that he has any knowledge on the subject whether or not Grant & Ward have any counter-claims against the sum demanded, and he does not give the source of his information nor the grounds of his belief, nor state any facts from which the judge granting the attachment can see that his belief is well founded. This requirement of the act is intended to protect defendants against attachments for amounts beyond sums actually due to plaintiff after deduction of all counter-claims which he knows are possessed by defendant. Hence a compliance with it is rigorously required, as otherwise the plaintiff might be able to seize property of the defendant far greater in value than the amount which can be recovered in the action, and thus unjustly injure and oppress the party whose property is attached. The affidavit in this respect may undoubtedly be made by an agent of the plaintiff or an officer of a corporation to whom facts are personally known, or, where his information is based upon such facts disclosed by the affidavit as show satisfactorily that the plaintiff is entitled to recover the sum stated over and above all counter-claims known to the plaintiff and the affiant. But it cannot be enough for such agent or officer to make this statement simply upon information and belief, without showing whence and from whom his information is derived, and why the affidavits of the informants are not produced. In *Cribben* v. *Schillinger* (30 Hun, 248) it was said by the court, when the affidavit is made by an agent and not by the plaintiff, " there should be proof that he has knowledge, or at least satisfactory information, as to the essential facts stated by him, and when he acts upon information only the sources of this information should be stated, and the reason why the affidavit is not made by some one having knowledge of the facts."

It is impossible to find in the affidavit of Mr. Snow that he has any knowledge, or that he was in a situation to know whether or not Grant & Ward have any counter-claim against the bank, and in the absence of any further proof on that subject, beyond his expression of information and belief, it is, we think, impossible to uphold the affidavit in this case as a compliance with the requirements of the Code. (*Barnard* v. *Kobbe*, 54 N. Y., 516; *Yates* v. *North*, 44 id., 274; *Bennett* v. *Edwards*, 27 Hun, 352.)

In respect to the second objection the affidavits tending to show a fraudulent transfer of property are made chiefly upon information

and belief. It appears that the alleged fraudulent disposition of property by Ward, on which the right to the attachment in this case is claimed, consisted of a conveyance made by him on the 13th of March, 1884, of his residence on Pierrepont street, in the city of Brooklyn, described in the affidavit of one Patrick Nolan, to one Sidney Green for the nominal consideration of one dollar; and a conveyance on the same day by Sidney Green to Ella C. Ward, the wife of said Ferdinand Ward, for the same nominal consideration; and for the purpose of showing that these conveyances were fraudulent as against the creditors of Ward, the affiant states that as he is informed and believes "said firm of Grant & Ward are indebted in addition to their indebtedness to said Marine National Bank of seven hundred thousand dollars, before mentioned, to numerous other persons, corporations and firms in the amount of several hundred thousand dollars; that said firm of Grant & Ward, who were stock brokers and bankers doing business as such in the city of New York, openly failed in their business and suspended payment of their obligations as such bankers and brokers on the 5th day of May, 1884, and publicly announced such failure upon the Stock Exchange, in the city of New York; and said firm are openly and notoriously insolvent and have made a general assignment of their copartnership property for the benefit of their creditors; and that as deponent is informed and believes that said firm have been, and the defendant Ferdinand Ward, one of the members of said firm, has been insolvent for several months past; * * * and deponent is informed and believes that said conveyances of said premises by said Ferdinand Ward to said Green, and by said Green to said Ella C. Ward, were without any actual consideration, and that at the time the same were conveyed, as aforesaid, the said . Ferdinand Ward was largely indebted to the plaintiff and other creditors, and was insolvent and in contemplation of insolvency, and that said conveyance by said Ward to said Green was made, and said conveyance by said Green to said Ella C. Ward was procured by said Ferdinand Ward to be made, and the property of said Ferdinand Ward thereby conveyed was assigned and disposed of by said Ferdinand Ward with intent to defraud his, said Ferdinand Ward's, creditors."

. Each of these allegations is made solely upon information and

belief. They are supported (so far as it goes) by an affidavit of Patrick Nolan to the effect that a conveyance, as appears by the records of the register of the county of Kings, was executed by Ward to Green, of the property described in the affidavit, and by Green to Mrs. Ward, on the 13th of March, 1884, for the nominal consideration of one dollar.

It is also stated by the affiant Snow as a fact " that said firm of Grant & Ward have been indebted to said Marine National Bank for loans and advances to a large amount for several months past, and were so indebted on the thirteenth day of March last;" and a further statement is added on information and belief that "said firm of Grant & Ward were, and the defendant Ferdinand Ward was, at the said time insolvent, and in contemplation of insolvency." But it is not shown anywhere in the affidavit that the indebtedness to the plaintiff existing on the thirteenth of March, at the time the conveyance to Mrs. Ward was made, still existed, or that it had not been fully paid off prior to the commencement of this action. The indebtedness for which the attachment was obtained was incurred on the 5th day of May, 1884, and as that is the only sum for which the suit is brought and the attachment obtained, the fair inference from the facts stated is that the previous indebtedness existing on the 13th of March, 1884, had been fully paid and no longer existed. With these facts in view it will be seen that every material circumstance in the affidavit tending to show that the conveyance of the property was fraudulent and void, as against the creditors of Ward, is stated solely on information and belief. The existence of the indebtedness to other creditors and the amount thereof ; the fact of the insolvency of Grant & Ward, and the intention with which the premises were conveyed through the medium of Green to Mrs. Ward, are all stated on information and belief. If it be conceded that an attachment can be obtained by a creditor upon an indebtedness arising several months after such a conveyance was made, on the ground that at the time the conveyance was made the defendant was largely indebted to other creditors so that the transfer might be regarded as fraudulent as against them, yet the facts to sustain such an allegation of fraud should be shown by something more than mere information and belief. The affidavits of the other creditors, or at least their names and the amounts due to them, and the kind

of information they have communicated, ought certainly to have been set forth. But nothing of that kind appears here, and no analysis of the affidavits that we have been able to make satisfies us that sufficient facts were laid before the judge who granted the attachment to warrant him in so doing.

The order should be reversed and an order entered vacating the attachment, with the usual costs and disbursements.

Brady and Daniels, JJ., concurred.

Order reversed; order entered vacating attachment, with ten dollars costs and disbursements.