denying defendant's application to have plaintiffs' undertaking in attachment. increased.

Argued before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

*David Wilcox*, for appellant. *Robert S. Rudd*, for respondents.

DANIELS, J. The attachment was served upon shares of mining stock owned by the defendant in the Small Hopes Consolidated Mining Company. This service was made by delivering a certified copy of the attachment at the office of the company, stating the shares intended to be levied upon. After that, and during the pendency of the suit, the shares depreciated very largely in their market price and value; and it was on this account that the defendant claimed to be entitled to an undertaking in a sufficient sum to include this decrease in value. But the decrease in the value of the shares did not result from the attachment, or from this service upon the corporation, but it resulted from a diminution in the market price of the shares themselves. They were in no respect injured or deteriorated by the attachment, but the loss which was suffered arose entirely and wholly out of a distinct and extraneous circumstance, for which the attaching creditors were in no manner responsible; and for that loss the sureties in the undertaking given upon the issuing of the attachment, it has been held, would not be liable. *McBride* v. *Bank*, 7 Abb. Pr. 347. That was also the view which the court was governed by in *Groat* v. *Gillespie*, 25 Wend. 383; and neither *Day* v. *Bach*, 87 N. Y. 57, nor *Dunning* v. *Humphrey*, 24 Wend. 31, contains anything that is in conflict with this principle. The defendant, accordingly, was not entitled to the increase in the amount of the undertaking for which he applied, and the order should be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., and BARTLETT, J., concur.

---

LEE *v.* CO-OPERATIVE LIFE & ACCIDENT ASS'N OF THE UNITED STATES.

(*Supreme Court, General Term, First Department.* November 23, 1888.)

ATTACHMENT—AFFIDAVIT—SUFFICIENCY.

An affidavit for attachment, made by plaintiff's brother-in-law, which does not. state that the affiant has any knowledge of the facts, alleging that the action is for money, "being the balance claimed to be due * * * as damages for breach of contract, over and above all counter-claims," etc., is not a compliance with Code Civil Proc. § 636, subd. 1, requiring the affidavit to show that "the plaintiff is entitled to recover a sum stated therein, over and above all counter-claims," etc.

Appeal from special term, New York county; GEORGE P. ANDREWS, Justice.

This is an appeal by defendant from an order denying its motion to vacate an attachment procured by the plaintiff, Almira Lee. The affidavits, exhibits, etc., referred to in the last paragraph of the opinion, are here omitted on account of their great length.

Before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*Leeds & Morse*, for appellant. *Abel Crook*, for respondent.

DANIELS, J. The action has been brought to recover the sum of $4,450, and interest from October 20, 1887, upon an insurance on the life of plaintiff's husband. This was effected by his becoming a member of the defendant, and performing the conditions and obligations of its by-laws. The attachment was issued upon an affidavit made by Homer Lee, who was the plaintiff's brother-in-law. He does not state, neither has it in any manner been otherwise shown, that he had personal knowledge of the existence of any of the facts which the law has required to be established to entitle the plaintiff to the attachment. In the third paragraph of his affidavit the statement is made that the action has been brought to recover this sum of money, "being the balance claimed to

be due from the defendant to the plaintiff as damages for breach of contract, over and above all counter-claims known to the plaintiff or to this deponent, upon a cause of action existing in favor of the plaintiff against the said defendant, arising out of the following facts;" and those facts are the admission of the deceased to membership in the defendant, and the performance by him of the duties incumbent upon him as such member, and his subsequent decease. What the law has required to entitle the plaintiff to the attachment is that "the affidavit must show that the plaintiff is entitled to recover a sum stated therein, over and above all counter-claims known to him." Code Civil Proc. § 636, subd. 1. But this affidavit has not shown and it has not been stated as a fact by the affiant that this balance is due and owing from the defendant to the plaintiff, over and above all counter-claims known to her, but the statement is that the balance is claimed to be due to her over all counter-claims. Neither does it appear that the person making the affidavit had any knowledge whatever that this amount was owing over counter-claims; nor is he shown to have such a relation to the business itself as will support the inference that he possessed that knowledge, which in fact he did not, by this statement in the affidavit, profess to have. All that he proved was that this was a balance claimed, not that it was a balance existing either to his knowledge, or the knowledge of the plaintiff herself; and on account of these defects the affidavit fails to bring the case within this subdivision of section 636 of the Code. *Jordan* v. *Richardson*, 7 Civ. Proc. R. 411; *Buhl* v. *Ball*, 41 Hun, 61; *Bank* v. *Ward*, 35 Hun, 395; *Cribben* v. *Schillinger*, 30 Hun, 248. These authorities are directly adverse to the sufficiency of this statement as proof of the fact required to be shown. In *Bank* v. *Voisin*, 44 Hun, 85, it was held, where the business appeared to have been transacted by the person making the affidavit, and as the statement itself complied in form with the requirements of the law, it was sufficient to maintain the attachment; but that authority fails to support this attachment, as it does not appear that the person making the affidavit was in any manner connected with the business out of which the balance is alleged to have been claimed. Neither does he state as a fact that this balance is due and owing over and above counter-claims. The case of *Ruppert* v. *Haug*, 87 N. Y. 141, also fails to support this proceeding; for that does not relieve the applicant for the attachment from the obligation substantially to comply with this requirement of the law.

The affidavit is also defective in the statement contained in it from which the conclusion has been deduced that the defendant has disposed of or assigned its property with intent to defraud any of its creditors. To support this fact, reliance has been placed upon statements made by the secretary, and upon an article published in the Brooklyn Morning Journal, and an examination of the defendant's affairs under the authority of the insurance department. But neither these statements, nor the article itself, nor the result of the examination, prove the fact to be that any of the property of the defendant had been assigned or disposed of to defraud its creditors. In both respects the affidavit on which the attachment was issued was materially defective. Neither of these defects was supplied or removed by the other affidavits or papers used upon the hearing of the motion. The order should be reversed, with the usual costs and disbursements, and an order entered setting aside the attachment.

VAN BRUNT, P. J., and BARTLETT, J., concur.