ENSIGN *et al.*, Appellants, *v.* McKINNEY *et al.*, Respondents.

*(Supreme Court, General Term, Fifth Department.* January 11, 188?.)

No opinion. Order affirmed, with $10 costs and disbursements, on opinion of DANIELS, J., at special term; BRADLEY, J., taking no part.

---

SMITH *et al. v.* CO-OPERATIVE LIFE & ACC. ASS'N OF THE UNITED STATES *et al.*

*(Supreme Court, General Term, First Department.* March 29, 1889.)

Appeal from order denying motion to vacate attachment.
Argued before VAN BRUNT, P. J., and BARTLETT, J.
*Mr. Morse,* for appellants. *J. Aspinwall. Hodge,* for respondents.

BARTLETT, J. We see no material distinction between this case and that of *Lee* v. *Association,* 2 N. Y. Supp. 864, in which we held that substantially the same evidence here relied upon to show that the defendant has disposed of its property or assigned the same with intent to defraud its creditors was insufficient to sustain an attachment. Here, as in that case, the plaintiff relies largely upon an examination of the defendant's affairs, made under the authority of the insurance department. The court, speaking through Mr. Justice DANIELS, then declared that the result of that examination did not suffice to prove that any of the defendant's property had been assigned or disposed of for the purpose of defrauding the creditors of the corporation. There is nothing in the present case to lead us to change the view then expressed. The only additional proof bearing on this point is an affidavit of the chief examiner of the insurance department that the report is in all respects just and true. But our decision in the *Lee Case* did not at all depend upon the fact that the report was unverified. Indeed, it was assumed that the facts therein stated were true, and the decision was made on that assumption. It is not suggested that the case at bar differs from the *Lee Case* in any other respect than that which has been considered. We are therefore of opinion that the order appealed from should be reversed, with costs and disbursements, and that the attachment should be vacated.

VAN BRUNT, P. J., concurs.