### APPLETON v. SPEER et al.

#### (Superior Court of New York City, General Term. June 28, 1889.)

1. ATTACHMENT—MOTION TO VACATE—PROCEDURE.
   Plaintiff in attachment cannot, on a motion to vacate, prove by other affidavits that the facts authorizing its issuance really existed, but must rely on the original papers upon which the writ was granted.
2. SAME—AFFIDAVIT—INFORMATION AND RELIEF.
   When facts are stated, in an affidavit for attachment, on information and belief, the source of the information must be disclosed.

Appeal from special term.

Action by Daniel F. Appleton against James S. Speer and Peter N. Ramsey upon a promissory note. The complaint alleged that Speer, on June 1, 1888, made his note for $2,500 to the order of Ramsey, who indorsed it to plaintiff; and also alleged, upon information and belief, that on December 4, 1888, it was duly presented for payment, which was refused, and it was thereupon duly protested. The answer admitted the making and indorsement of the note, but denied sufficient knowledge to form a belief as to the presentment and protest, and denied that it was given for value. On January 23, plaintiff sued out a writ of attachment against the property of defendants, upon an affidavit stating, upon information and belief, the service of the summons and complaint upon defendants, and plaintiff's affidavit, upon information and belief, of the making and delivery of the note by Speer to Ramsey, and its indorsement by the latter to him, its presentment and protest. On March 22, 1889, defendants moved to vacate the writ, and an order to show cause was served on plaintiff, returnable March 23d, on which day plaintiff offered to read additional affidavits in support of the writ, which was not allowed; and on April 15th the writ was vacated, with $10 costs to defendants. From the order vacating the writ, plaintiff appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

Abbett & Fuller and Henry Schmidt, for appellant. Morse & Haynes, for respondents.

SEDGWICK, C. J. From the original papers, taken together, on which the order of attachment was issued, it appeared that some facts, the existence of which it was necessary to prove, were sworn to upon information and belief, and the source of the information not disclosed. For this reason the court below was correct in granting the motion to vacate the order. The original defect could not be remedied by proving, by other affidavits produced upon the motion to vacate, that the facts referred to really existed at the time; nor is this true, because the motion to vacate was made upon the original papers, when the plaintiff has no right to present additional papers. Bank v. Alberger, 75 N. Y. 179. The order should be affirmed, with $10 costs.

FREEDMAN, J., concurs.

TRUAX, J. The order should be affirmed for the reasons assigned by the chief judge. See *Cribben* v. *Schillinger*, 30 Hun, 248; *Bank* v. *Ward*, 35 Hun, 395; *Buhl* v. *Ball*, 41 Hun, 61; *Lee* v. *Association*, 2 N. Y. Supp. 864.