---

VICTOR et al. **v.** GOLDBERG.

(City Court of New York, General Term. November 27, 1893.)

ATTACHMENT—AFFIDAVIT—INSOLVENCY.

An affidavit for an attachment which states that defendant conveyed valuable real estate to his wife for a nominal consideration, that on the next day he confessed judgment in her favor for a large sum, and that his property was seized under an execution issued thereon, states facts from which it may be inferred that defendant was insolvent.

Appeal from special term.

Action by George F. Victor and others against Alexander Goldberg. From order denying a motion to vacate warrant of attachment against his property on the affidavits and papers on which such warrant was granted, defendant appeals. Affirmed.

Argued before VAN WYCK and McCARTHY, JJ.

Horwitz & Hershfield, for appellant.
Blumenstiel & Hirsch, for respondents.

VAN WYCK, J. If any fact, however light, can be gathered from the papers and affidavits upon which the attachment was granted that tended to show the existence of the statutory conditions, the judge would have acquired jurisdiction, and the order appealed from should be affirmed. Of course such fact must be gathered from the legal averments in the affidavits. Conceding that the matters stated on information by affiant Blumenstiel in the fourth, fifth, and seventh paragraphs of his affidavit, regarding defendant's assets and liabilities and his hasty and irregular effort to secure a loan of $10,000, secured by mortgage, by paying a bonus of $1,000, would be sufficient, if properly verified, it would not aid the plaintiffs, for they are given on information only, and are unavailing, because it is not shown that the persons from whom the affiant professes to have obtained the information are absent, or that their depositions cannot be procured. Yates v. North, 44 N. Y. 271. However, this affiant does make lawful proof by his affidavit, verified May 9, 1893, that on the 5th of that month the defendant conveyed to his wife, Annie Goldberg, a lot or parcel of real estate, 18 feet wide and 102 feet deep, with the buildings thereon, situated in New York city on Seventy-Second street, 254 feet east of Third avenue, for the considera-

tion of one dollar; that on the next day, the 6th, he confessed judgment to his wife for $5,847.07, on which execution was issued to the sheriff of New York county, who took possession of defendant's property by virtue of such execution; and that two days thereafter, on the 8th, the defendant also confessed judgment to one Pincus Turk, for $4,017.95. Did these undisputed facts give the judge jurisdiction to grant a warrant of attachment against defendant's property, on the ground that he had disposed of his property with intent to cheat and defraud his creditors? Appellant, by his counsel's able brief, contends that they do not,—First, because the fact that a deed is without consideration is not of itself sufficient as to creditors, by reason of express statutory provision; and, secondly, because "there is no competent legal evidence that he was insolvent at the time of the conveyance;" thus practically conceding that, if there was, then the conveyance, if without consideration, was a fraudulent conveyance. The conveyance is without consideration, and, being voluntary, it is more than evidence; it is a fact from which a fraudulent intent may be inferred, provided the affidavit contains a lawful averment of some fact from which it can be legally presumed that the grantor was insolvent at the time of the voluntary conveyance. It can be legally presumed that the defendant was insolvent at the time of the voluntary conveyance to his wife from the fact that the very next day he confessed judgment to her, his grantee, upon which execution issued, under which the sheriff took possession of his property. It is the established rule of evidence that proof that a judgment had been obtained against an alleged fraudulent grantor, upon which execution had been duly issued and returned unsatisfied, is prima facie evidence of the insolvency of such grantor at the time of the conveyance, even though made months before, provided that the debt upon which the judgment was recovered was incurred by the grantor prior to his conveyance; and this is the rule even against a voluntary grantee who had no notice of the insolvency. But in the case at bar the voluntary grantee is the same person who the next day issued execution, and had the sheriff seize the grantor's property, under a judgment confessed to her by him. However, in this case there had not been a return of the execution unsatisfied. Nevertheless, the confession of judgment to the wife, issue of execution by her, seizure by the sheriff thereunder of defendant's property, is prima facie evidence of his insolvency on the day previous, when the voluntary conveyance was made by him to her. The judge writing in the Tuthill Case, 124 N. Y., at page 153, 26 N. E. Rep. 349, says: "Permitting commercial paper to be dishonored by one engaged in commerce, and his property to be attached in an action in which judgment is subsequently recovered by default, is evidence, and, if unexplained, is proof, of insolvency;" and cites Brown v. Montgomery, 20 N. Y. 287; Booth v. Powers, 56 N. Y. 22, 32; Abb. Tr. Ev. 616. The rule thus laid down seems broad enough to justify the conclusion that plaintiffs have, by legal evidence, made proof of facts sufficient for the legal presumption that defendant was insolvent at the time of the voluntary conveyance. Order appealed from affirmed, with $10 costs.