PER CURIAM.
The action is to recover the amount of three promissory notes, made by the defendant to the plaintiff, and also the value of goods sold and delivered on an open account. The ground on which it was sought to obtain the attachment was that! the defendant made a false statement, in writing, of his financial! responsibility and standing, for the purpose of procuring an ex-! tension of credit. It appears that the notes had been delivered, by and the goods sold to the defendant before the alleged false' statement on his part. The false statement claimed to have beend signed by him is the implied warranty or assertion of title contained in an assignment to the plaintiff of a mechanic’s lien filed by the defendant against certain real property, and in an order directing one Keating to pay the plaintiff the sum of $600, and! deduct the same from the last payment due the defendant for work on Keating’s house. The only evidence to show that nothing was due from Keating to the defendant at the time of the order was *679 .the declaration made by Keating to the plaintiff’s agent, and the only evidence of the invalidity of the mechanic’s lien was an allegation in the answer interposed in a suit by the plaintiff to enforce the mechanic’s lien that the defendant had previously assigned his interest therein to his wife, Elizabeth McGraw. No affidavits by Keating or by Osiecki, the defendant in the mechanic’s lien suit, were produced. The affidavits on the part of the plaintiff show that Keating and Osiecki are entirely accessible, and no reason is given why affidavits from those parties were not obtained. The affidavit by the defendant avers the validity of his claims against both persons, and denies the assignment of the mechanic’s lien to his wife. In this denial the defendant’s wife, by her affidavit joins. We think the order below was correct. If it be conceded that these two instruments executed by the defendant were, within the meaning of the Code, statements in writing under his hand of his title to the choses in action assigned, and also of the existence and validity of such choses in action, still the only proofs tending to establish the falsity of such statements were the hearsay statement of Keating and the allegation of Osiecki’s answer. These -statements are unavailing certainly when denied by defendant, because it was not shown that the persons from whom they were ob-. tamed were absent, or that their depositions could not be procured. Yates v. North, 44 N. Y. 271; Bank v. Alberger, 78 id. 252.
The order appealed from should be affirmed, with $10 costs and disbursements.