THE STEUBEN COUNTY BANK, Respondent, *v.* JOHN L. ALBERGER et al., LOUISA F. ALBERGER, Appellant.

Upon motion made under the provisions of the Code of Civil Procedure (§ 682) giving a person having a lien upon property attached, acquired subsequent to the attachment, a right to apply to vacate or modify it, it appeared that the attorney of the party claiming the lien delivered to the clerk of E. county a judgment-roll, including a sufficient statement in writing to warrant the entry of a judgment by confession in her favor against the attachment debtor; the clerk did not, in fact, enter the judgment, but delivered a transcript to the attorney, which was filed the next day in the office of the clerk of N. county, and execution issued to the sheriff of that county. *Held,* that the lien acquired by the docket of the judgment in N. county and the issuing of execution, upon the personal property of the debtor in that county, was sufficient, until set aside, to confer upon the plaintiff therein the rights of a lienor under said provision.

The grounds upon which a warrant of attachment was issued were, as stated in the affidavit, that the attachment debtor was "about to assign, dispose of, or secrete his property with intent to defraud his creditors." All of the material facts were stated on information and belief only; it was not shown that the persons from whom the affiant professed to have

obtained his information were absent, or that their depositions could not be procured. *Held,* that the affidavit was insufficient to give the court jurisdiction to issue the attachment; and that the order granting it was reviewable here.

(Argued September 16, 1879; decided September 23, 1879.)

APPEAL by Louisa F. Alberger from an order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order of Special Term, which denied a motion on the part of said appellant, as judgment and execution creditor of defendant, Samuel F. Alberger, to vacate an attachment issued herein against the property of defendants, John L. and Samuel F. Alberger, and levied upon certain personal property of the latter in the county of Niagara.

The affidavits, upon which the attachment was granted, contained the following allegations, which were all of the allegations as against said defendant, Samuel F. Alberger.

"That said John L. Alberger resides in the city of Buffalo, and the defendant, Samuel F. Alberger, as deponent is informed and believes, formerly resided in the city of Buffalo, but now resides in the county of Niagara, in the State of New York; that as deponent is informed and believes, the defendant, John L. Alberger, has real and personal property situate in the county of Erie, and the defendant, Samuel F. Alberger, is the owner of considerable real and personal property situate in the counties of Niagara and Erie; that the defendants Moffat have been for several years engaged in business in said city of Buffalo, and said defendants Alberger, were during the years 1871, '72 and '73, also engaged in business in said city of Buffalo, which they continued by the defendants, John L. Alberger, to about the month of October, 1877; that said cause was submitted to said referee on or about October twenty-third; that deponent is informed and believes that the defendant, John L. Alberger, in anticipation of the decision and judgment in this action against him about the time of said submission

suspended his said business in Buffalo; that in 1876, the firm of J. L. Alberger & Co. attempted to effect a composition with their creditors at thirty-three and a third cents on a dollar, and said John L. Alberger attempted to induce the plaintiff to compromise the said claim of plaintiff in this action at that time at the same rate; that upon the trial of the said issue, the defendants, James Moffatt and John L. Alberger, were sworn as witnesses on behalf of said defendants Alberger, and it appeared from such testimony and conversation in the presence of deponent, that said James Moffat has for several years last past been intimately acquainted with defendant Alberger and in intimate, friendly and confidential business and social relations with them; that after issue was joined in said action, deponent was informed by said John Hubbell, attorney for said defendants Alberger, at the court house in Rochester, on the 30th day of April, 1877, and if judgment was obtained against the defendants Alberger in this action, it would use them up and they would be compelled to go into bankruptcy; that deponent was informed by defendant, James Moffatt, after said action was at issue, that the defendants Alberger would prevent the collection of plaintiff's judgment in this action by making an assignment of their property, and that they would beat plaintiff on the execution by getting rid of their property; that deponent verily believes that the said defendants, John L. Alberger and Samuel F. Alberger, are about to assign, dispose of or secrete their joint and several property with intent to defraud their creditors, and especially with intent to defraud the plaintiff in this action and to prevent the collection of the judgment which shall be rendered therein; that judgment has not been rendered in said action."

The further facts appear sufficiently in the opinion.

*A. G. Rice,* for appellant. Proofs making a case against one of two joint debtors do not authorize an attachment against the individual property of the other. (7 How. Pr., 229, 383; 24 id., 284; 8 Abb. Pr., 120; 13 id., 76; 12

Barb., 298; 1 Duer, 662; Code, § 635.)   To authorize an attachment the affidavits on the application therefor must be full, explicit and convincing, made upon positive knowledge, and must make a *prima facie* case.   (3 Sand., 373; 13 Abb. Pr., 76; 39 How. Pr., 385; 17 id., 559; *Hill* v. *Bond*, 22 id., 272.)   Threats to make an assignment or go into bankruptcy, and offers or attempts to compromise an admitted insolvency, are not sufficient evidence of an intent to dispose of property fraudulently, to warrant or justify the issuing of an attachment.   (*Dickenson* v. *Benham*, 20 How., 343; *Wilson* v. *Britton*, 36 Barb., 562; 10 Abb., 390.)

*George B. Bradley*, for respondent.   Mrs. Alberger did not acquire a lien upon the attached property, and was not entitled to make this motion.   (*Ketchum* v. *Ketchum*, 1 Abb. [N. S.], 157; Code, §§ 682, 683.)   Until a judgment by confession is actually entered in the judgment book it is not a judgment.   (*Blydenburgh* v. *Northrup*, 13 How., 290; *Schenectady Plank Road* v. *Thatcher*, 6 id., 226; *Decker* v. *Judson*, 16 N. Y., 450; *Artisans' Bk.* v. *Treadwell*, 34 Barb., 558.)   The county clerks have no power in respect to judgments, except such as are expressly given by statute. (Code Civil Procedure, §§ 1239, 1246, 1248, 1250, 1273–1276; *Schenectady Plank Road* v. *Thatcher*, 6 How., 226; *Townsend* v. *Wesson*, 4 Duer, 342; *Macomber* v. *Mayor*, 17 Abb., 45; *Marvin* v. *Herrick*, 5 Wend., 10; *Morris* v. *Patchin*, 24 N. Y., 394–398; *Buchan* v. *Sumner*, 2 Barb. Chy., 165–195; *King* v. *Harris*, 34 N. Y., 336; *Butler* v. *Lewis*, 10 Wend., 542.)   The transcript sent to Niagara county was void.   (Code Civil Procedure, § 1247; *Townshend* v. *Wesson*, 4 Duer, 342.)   The subsequent docketing in Erie county was illegal and void.   (Code Civil Procedure, § 1247.)   Even if this docketing had been valid, it was too late.   (Code of Civil Procedure, § 1250.)   All of the real estate having been conveyed before the false docketing was done or the affidavit presented to the deputy clerk, even if Mrs. Alberger's judgment had been perfected in August,

1878, she could have obtained no lien. (Herman on Ex., 200; *Devoe* v. *Elliott*, 2 Caines, 243; *Vail* v. *Lewis*, 4 J. R., 450; *Hathaway* v. *Howell*, 54 N. Y., 97.) The original affidavits were sufficient to warrant the issuing of the attachment. (*Gashern* v. *Apple*, 14 Abb., 64, 68–69; *Livermore* v. *Rhodes*, 27 How., 506–507; *Griffin* v. *Marguarette*, 21 N. Y., 121; *Allen* v. *Meyer*, 73 id., 3; *Ferinan* v. *Walter*, 13 How., 355; *Schoonmaker* v. *Spencer*, 54 N. Y., 366–368, 369, 371; *Morgan* v. *Avery*, 7 Barb., 656, 663; *Van Loon* v. *Lyons*, 6 N. Y., 22–24; *Van Alstine* v. *Erwin*, 1 Kernan, 340; *Matter of Faulkner*, 4 Hill, 598; *Niles* v. *Van Duser*, 14 How., 547, 549; *Brooklyn Daily Union* v. *Hayes*, 11 Abb. [N. S.], 235; *Matter of Griswold*, 13 Barb., 412; *Kissock* v. *Grant*, 34 id., 144–149; *Woodcock* v. *Bennett*, 1 Cow., 712, 734–735; *Skinnion* v. *Kelley*, 18 N. Y., 355; *Union Bk.* v. *Mott*, 17 How., 353; *Matter of Bliss*, 7 Hill, 187; *St. Amaut* v. *De Beixcedon*, 3 Sandf., 103; *Hill* v. *Bond*, 22 How., 273; *Brewer* v. *Tucker*, 11 Abb., 79; Code Civ. Proc., § 885; 16 How., 481; *Deland* v. *Richardson*, 4 Denio, 96; *Monroe* v. *Potter*, 22 How., 58.)

DANFORTH, J. The plaintiff cannot successfully question the right of Mrs. Alberger to test the validity of the attachment. From her affidavit served with notice of motion in December, 1877, it appeared that she was a judgment and execution creditor of Samuel F. Alberger by virtue of a judgment in her favor docketed in Erie county December 3, 1877, in Niagara county December fourth, and an execution that day issued for its enforcement to the sheriff of that county. She sought to vacate the attachment because as stated in the notice of motion, it was issued without proof of any fact or circumstance tending to establish a ground or reason therefor. The plaintiff opposed her motion at Special Term upon new and additional affidavits and it was denied. She appealed to the General Term and the order was affirmed, afterwards to this court, where the orders of the Special and General Terms were reversed and the case

remitted to the Special Term to pass upon the question of the sufficiency of the affidavits on which the attachment was granted (75 N. Y., 179). Upon the hearing then had at Special Term the motion was again denied upon the ground that Mrs. Alberger did not acquire a lien upon the property attached so as to entitle her to make the motion, and the General Term affirmed the order upon the ground "that the affidavits on which the attachment issued were sufficient." It would thus seem that the point passed upon by the Special Term was either not raised in the General Term or else decided in favor of the respondent. But if the plaintiff is at liberty to attack the legal character of its adversary, I think it sufficiently appears from all the papers before us that she by her execution acquired a lien upon the personal property of Samuel F. Alberger in Niagara county after it was attached, and is thus entitled to get rid of the attachment if she can. That the execution was issued to the sheriff as alleged by her is not denied, and its regularity cannot be tested upon this motion. It is good until set aside — nor is it denied that on the third of December her attorney carried to the clerk's office of Erie county and delivered to the clerk a sufficient statement in writing to warrant the entry of judgment by confession in her favor against Samuel F. Alberger. It was then "filed with" him, and the clerk says he considered it, and the judgment roll, so filed, when he made the transcript which was delivered by him on that occasion to Mrs. Alberger's attorney, and which was the next day filed in the office of the clerk of Niagara county. The clerk did not in fact enter judgment, but that was his fault — and not that of the plaintiff in the judgment or her attorney — and upon a proper application it is possible the court would direct it to be done *nunc pro tunc*, and thus according to their custom relieve the parties against the error or mistake of the clerk. (*Mitchell* v. *Van Buren*, 27 N. Y., 300.) In the meantime the lien acquired by the docket of the judgment in Niagara county as well as that of the execution is good as between the parties until set aside and sufficient until then to confer

upon the appellant the rights of a lienor. We are thus brought to consider the sufficiency of the affidavits on which the attachment was granted. The appellant's counsel contends that they do not show any fact tending to establish that Samuel F. Alberger "is about to assign, dispose of, or secrete his property with intent to defraud his creditors "— these being the grounds on which the warrant issued. We think the learned counsel is right and because of the entire insufficiency of the affidavits entertain this appeal. (*Allen* v. *Meyer*, 73 N. Y., 1.) They show no essential fact, and consequently none from which an inference can be drawn. If it were otherwise — if it was conceded that the matters now stated on information would be sufficient if properly verified, it would not aid the plaintiff, for they are given on information only and are unavailing because it is not shown that the persons from whom the affiants profess to have obtained the information are absent or that their depositions cannot be procured. (*Yates* v. *North*, 44 N. Y., 271.)

The attachment is in effect an execution and a creditor's bill, and there are doubtless many cases, and this may be one, where it would be well to have both before judgment, but until the Legislature shall interfere even the diligent creditor must conform his proceedings to the regulations of the statute. It would be intolerable if the property of a citizen was liable to seizure upon such vague and inconclusive averments as are contained in the affidavits before us. If we could gather from them any fact however light which tended to show the existence of the statutory conditions, the judge would have acquired jurisdiction and it would be our duty to affirm the order, but none has been pointed out to us, nor are we able to discover any.

The order of the Special and General Terms should therefore be reversed, and the warrant of attachment, so far as it affects the property of Samuel F. Alberger individually, vacated, with costs.

All concur.

Ordered accordingly.