IN THE MATTER OF THE ASSIGNMENT OF JOSEPH THOMPSON.

*General assignment — a usurious debt is rendered valid by being included in the schedules made by the assignor.— a county judge cannot set aside an assignment on the ground that it was procured through undue influence or fraud — by what persons such an application should be made —* 1877, *chap.* 466, *and* 1878, *chap.* 318.

Where within twenty days from the time of the making of a general assignment for the benefit of creditors the assignor prepares an inventory of his property and a schedule of his creditors, and includes in the latter the owner of a usurious bond and mortgage given by him, he thereby recognizes the validity of the bond and mortgage and renders them valid and enforceable as against the assigned property.

*Chapin* v. *Thompson* (89 N. Y., 270) followed.

Chapter 466 of 1877, as amended by chapter 318 of 1878, providing for the making of general assignments, does not confer upon a county judge power to entertain a proceeding to set aside a general assignment upon the ground that it was procured by the undue influence of the assignee, or was made with the intent to hinder and delay the creditors of the assignor.

In no event could an assignment be set aside as having been made with intent to defraud the creditors of the assignor upon the application of the latter, or of any of his general creditors who had not procured judgments against him.

APPEAL from a judgment of the County Court of St. Lawrence county

On the 22d of October, 1877, Joseph Thompson made an assignment to Abiel E. Helmer for the benefit of creditors without preferences.

In October, 1878, Thompson presented a petition to the County Court setting forth that at the time when he made said assignment he was not insolvent but had property sufficient to pay all his debts; that the assignment was procured by the undue influence of Helmer without the petitioners understanding the purpose or effect thereof. The petition also set forth certain facts tending to show that Helmer had mismanaged the trust, and also that there was an error in the inventory and schedules. The petition prayed that Helmer might be removed; the assignment canceled, the property restored to the petitioner, and Helmer be required to account. Twenty-six of the creditors of Thompson united in the petition. Thereupon an order was made by the County Court enjoining Helmer from doing any act except to preserve the property, etc., and directing that a citation issue to all parties interested as creditors or otherwise, to show cause why Helmer should not be removed; the assignment be canceled; the property be restored to Thompson, etc. Many other creditors appeared upon the return of the citation and joined in the petition. Helmer and one Chapin a creditor appeared and opposed. A hearing was had and testimony was taken before the County Court. And thereupon on the 28th of November, 1879, an order was made by the County Court declaring that a certain bond and mortgage given by Thompson to Helmer and then held by Chapin was usurious and void; that the assignment thereof by Helmer to Chapin was in violation of Helmer's duty as assignee; that Helmer should be removed as assignee; that the assignment was made to hinder, delay and defraud creditors, and should be set aside, saving the rights of persons dealing with the assignee in good faith; that Thompson should have a restoration of his property after his just debts, etc., were paid; that Stillman Foote should be appointed receiver of the assigned estate; and that Helmer should transfer the same to him; that Louis Hasbrouck should be appointed referee to take an accounting of the assignee.

An accounting was had before the referee and a report was made by him. Thereupon on the 13th of July, 1880, a final judgment or order was made by the County Court confirming the report;

repeating the previous finding as to the bond and mortgage, order-ing Helmer to transfer to the receiver the property in his hands and a certain balance of money and allowing costs and disburse-ments, including $200 extra allowance to the creditors, payable by Helmer individually.

Helmer and Chapin appeal from this judgment, bringing up also the interlocutory order of the allowance of costs.

*Magone & Holbrook*, for E. J. Chapin, appellant.

*Thomas Spratt*, for Abriel E. Helmer, appellant.

*Nelson L. Robinson*, for Thompson, respondent.

LEARNED, P. J. :

Passing for the present the question whether this assignment was voluntary, or obtained by undue influence, we turn to the case of *Chapin* v. *Thompson* (89 N. Y., 270, at p. 275). The language there used, together with the decision of the court in modifying the judgment then appealed from, show that the making of the schedule of the creditors and of the inventory of the property of Thompson were a valid recognition by Thompson of the mortgage ; so that, as against the assigned property, it was not void for usury.

It has been urged upon us, in this present argument, that by section 3, chapter 466, Laws 1877, the schedule and inventory may be made by the assignor within twenty days after the date of the assignment, and in case of his failure then by the assignee within thirty days of the said date. And counsel have said that if the assignor (and still more if the assignee), in making an inventory and schedule after the execution of the assignment, could include therein a usurious obligation, and could thus give it validity as against the assigned property, then the assignor (if not the assignee) could thus change the effect of the assignment after it had been executed. That is, during the twenty days after making the assign-ment, the assignor could include the usurious debt as one which was valid, or could assert its usuriousness. Thus the assignment would have one effect or the other, according to acts of the assignor (if not of the assignee), done subsequent to the execution of the assignment.

There is much force in this objection. But the opinion above

cited expressly refers to an inventory and schedule made pursuant to this act, as being sufficient to cut off the defense of usury, if the debt were therein recognized. And in the very case there decided, which arose under the assignment now in question, the inventory and schedule were executed *five days* after the assignment. So that the court must have held that, by an inventory and schedule made five days after the execution of the assignment, the assignor could recognize a debt as valid, and could prevent the assignee from setting up usury in behalf of the assigned estate. And yet in that same opinion (at page 280) the court say: "The execution and delivery of the instrument (that is the assignment) *excludes* the grantor from any further dominion over it or its subject matter."

There would be no difficulty in the application of that doctrine in those cases where a schedule and inventory accompany the assignment. But where they are made subsequently and within the twenty days, it would seem that it must continue for that time discretionary with the assignor to provide for the payment of a usurious debt or not. For a general provision in an assignment to pay debts does not permit the payment by the assignee of a usurious debt. (*Pratt* v. *Adams*, 7 Paige, 615, cited with approval in the opinion above mentioned at page 278.) Therefore when the assignment was executed by Thompson and accepted by Helmer, October twenty-second, it did not authorize the payment of this usurious debt. But the making of the inventory and schedules October twenty-seventh made the debt valid as to the assigned property.

The finding, then, of the County Court that Chapin is not entitled to any relief as against the property of Thompson in the hands of his assignee is erroneous. And this is of great importance, because the County Court has appointed Stillman Foote receiver of the assigned estate; directing him, after the expenses of the receivership are paid, " to see that the debts of the assignor Thompson, existing at the time of the assignment, are promptly and fully paid." Inasmuch, then, as the decision above cited holds that this mortgage is a debt of Thompson, so far as the assigned property is concerned, plainly this debt is one of those which the receiver is directed to pay. Section 6 of the general assignment act authorizes the County Court to remove the assignee and to appoint another. This

has been practically done by the removal of Helmer and the appointment of Foote. True, Foote is called receiver; probably on the theory that the assignment had been set aside. But he was to discharge the duties imposed on the assignee.

A most important question arises as to the power which the learned county judge has assumed to exercise in this case. He has assumed, as a court of equity, to maintain a proceeding, not to enforce and carry out the trusts of the assignment, but to set the assignment altogether aside, as obtained by undue influence and as fraudulent against creditors. It is contended by the appellants that he has no such jurisdiction. All jurisdiction which he has comes from the general assignment act. There is nothing in that act which implies a right to set aside an assignment, unless it be the language of section 25, viz., "that after the filing or recording of an assignment under this act the court may exercise the power of a court of equity in reference to the trust and any matters involved therein." The authorities cited by the respondents' counsel are *Matter of Bonner* (8 Daly, 76) and *Matter of Cohn* (78 N. Y., 252). Both of these are cases of enforcing and carrying out, not of setting aside an assignment; and therefore they do not aid in the decision of this point. To exercise the powers of a court of equity in reference to the trust, and any matters involved therein, by no means implies a power to set aside an assignment as obtained by undue influence. Those words are to be construed in reference to the rest of the act. That is plainly intended to provide a simple and inexpensive method of enforcing and closing up assignments and of controlling assignees. But an action to set aside an assignment for any cause is a proceeding of a very different character. And, in our opinion, is not within the scope or intent of the act. We come to this conclusion principally from an examination of the whole act; and it can be of very little use to cite and comment upon the several sections.

The powers which were exercised by the County Court in this respect were not, as we think, in reference to the trust, or to any matters involved therein. They were powers to declare that there never was a valid trust; and such powers we think the legislature did not intend to give.

There is another difficulty. Supposing that this assignment was made, as the County Court held, with intent to hinder, delay and

defraud creditors; who can complain? Certainly not Thompson, the alleged fraudulent assignor. Nor can any creditor, unless he shall have first recovered a judgment. (*Southard* v. *Benner*, 72 N. Y., 424; *Spring* v. *Short*, 90 id., 538.) Yet this assignment is set aside as fraudulent in respect to creditors at the instance of the assignor and of persons claiming to be creditors, no one of whom appears to have recovered a judgment, according to the schedules.

We have not considered it necessary to discuss the question of fraudulent intent. The principal argument for such intent appears to have been Thompson's solvency. That might be a reason for thinking he was over persuaded by Helmer. But we do not clearly see how a solvent man can intend to defraud his creditors by putting all his property out of his own control in trust for their immediate payment. (*Ogden* v. *Peters*, 21 N. Y., 23.)

As we are of the opinion, above stated, that the important part of this proceeding was not within the jurisdiction of the County Court, we think that the allowance of counsel fees and costs should not stand.

The judgment appealed from is reversed in the following particulars:

So much of the fourth item as declares that the bond and mortgage are usurious and void and that Chapin is not entitled to any relief therein as against Thompson or his property in the hands of the assignee.

The whole of the fifth item.

The whole of the eighth item.

Without passing upon the power of the County Court to appoint a receiver, as the assignment is no longer set aside, there must be an assignee. We will not interfere with the county judge in removing Helmer. Perhaps we might appoint the present receiver assignee. But it is better to refer the matter to the County Court to appoint an assignee in the place of Helmer.

The appellants have costs of this appeal against Thompson.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Order reversed as stated in opinion.