McG-own, J.
The only positive allegation contained in the affidavit upon which the attachment herein was granted, is in substance that the defendant had prior to the sale of the goods referred to in plaintiffs affidavit, made false representations as to his solvency, etc., and that plaintiff had since ascertained that the representation made by defendant was false and untrue to the defendant’s knowledge at the time when made. While such might have been good grounds for an order of arrest, under subd. 4 of § 549 of code, yet the same unsupported by other averments, would not be sufficient under section 636, to authorize the granting of an attachment.
All the other allegations in the affidavit, as to damage to defendant’s stock by fire; as to the removal and disposition of the remainder of defendant’s stock, with intent to defraud his creditors; and that defendant is about to dispose of his property with intent to defraud his creditors, are made upon the information and belief of the affiant, unsupported by any allegation as to the sources of such information or the grounds of his belief; and no allegation is made of defendant’s insolvency.
In Bennett v. Edwards (27 Hun, 353) it was held that “these facts should be stated upon positive knowledge, but where from the circumstances of the case, they cannot be so stated, they may be stated upon information and belief, giving the names of the persons, and the sources from which the information is derived, and the reasons why the affidavits of those having positive knowledge cannot be procured. See, also, Steuben County Bank v. Alberger, 78 N. Y., 252; Neal v. Sachs, 15 Weekly Dig., 476; Herman v. Doughty, id. 94.
The affidavit upon which the attachment was issued is clearly defective, and the order appealed from should be reversed with costs.
Pitshke, J., concurs.