1. ATTACHMENT—AFFIDAVIT.
   Affidavits made and filed before a judge to obtain an attachment against the goods of an absconding debtor may be read in support of a similar application, made to the same judge, on the same day, by other plaintiffs against the same defendant, to support the charge of absconding.

2. SAME—AMENDMENT.
   Such an attachment may be amended so as to make it specifically refer to the other affidavits so read before the judge.

3. SAME—DISSOLUTION—EVIDENCE.
   It is proper to permit an affidavit to be read, on a motion to dissolve, identifying the affidavits on which the attachment was granted.

Appeal from special term, Monroe county.

Action by Stephen Hallock against Benjamin F. Van Camp, in which an attachment was issued. Defendant moved to dissolve the attachment on the same papers on which it was granted. The motion was denied, and he appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*Charles A. Keeler,* for appellant. *John Cunneen,* for respondent.

PER CURIAM. Upon an attentive reading of all the affidavits, we have reached the conclusion that the facts established fairly justified the conclusion that the defendant secretly left his home, and departed from the state, with an intent to cheat and defraud his creditors, and to avoid the service of a summons; and on this examination of the proofs we have kept in mind and observed the rule that the statement of a fact by a witness on his oral examination, or by his affidavit in writing, when it appears that his only information is derived from another, proves nothing. In support of the order allowing the attachment in this case, the plaintiff presented to the county judge who made the order original affidavits which had been used in previous applications, made the same day, for attachments against this defendant, in cases where other parties were the plaintiffs, for the purpose of supporting the charge that the defendant had departed from the state. This practice is permissible in cases where the application is made before the same officer at a time so near to the time when the previous applications were made. *Mojarrieta* v. *Saenz,* 80 N. Y. 547; *Barnard* v. *Heydrick,* 49 Barb. 62; *Langston* v. *Wetherell,* 14 Mees. & W. 104; *Colver* v. *Van Valen,* 6 How. Pr. 102.

On the hearing of the motion, an order was made allowing the writ of attachment to be amended by making specific reference to the affidavits which were presented and read to the county judge for the attachment. We do not discover in this any error; at most, it was a mere irregularity, which certainly could not vitiate the attachment. The affidavit read by the plaintiff indicating the papers that were read before the county judge was not new proof upon the merits, and was properly received for the purpose of identifying the papers upon which the attachment was allowed. The order appealed from should be affirmed, with $10 costs and disbursements.

DWIGHT, J., concurs. MACOMBER, J., not voting.

---

BREWSTER *v.* VAN CAMP.

*(Supreme Court, General Term, Fifth Department. December 30, 1889.)*

1. ATTACHMENTS—AFFIDAVITS—INFORMATION AND BELIEF.
   Mere inconvenience in procuring the affidavits of the persons from whom knowledge of the facts was derived on which an application for an attachment is based will not excuse failure to produce them, nor authorize an attachment on an affidavit based

on information and belief, when it appears that the persons having personal knowledge of the facts were accessible to plaintiff's attorney, and no reason is given why their affidavits were not procured.

**2. SAME—AFFIDAVITS IN ANOTHER SUIT.**

When copies of affidavits in other attachment cases against defendant are filed to show the source from which plaintiff derived his information of the facts on which the application is based, plaintiff's affidavit must still show that he believes the statements in such affidavits, or it will be insufficient.

**3. SAME—APPEAL—RULE OF DECISION.**

While, on appeal to the court of appeals from an order of the general term sustaining an attachment, the rule may be that the order will be affirmed unless there is an utter absence of some fact necessary to authorize an attachment, that rule does not apply to the decision of the general term on an appeal from an order refusing to vacate the attachment.

Appeal from special term, Monroe county.

Action by Harold P. Brewster against Benjamin Van Camp, in which an attachment was granted. A motion to vacate was denied, and defendant appeals.

Argued before BARKER, P J.. and DWIGHT and MACOMBER, JJ.

*Charles A. Keeler,* for appellant. *John Cunneen,* for respondent.

BARKER, P. J. The application for the attachment was made on the 12th day of June, 1888, and was granted by a justice of this court. Up to the 9th day of the same month the defendant was engaged in business in Orleans county, and was supposed to be solvent. The attachment was applied for and allowed upon the ground that the defendant had departed from the state with an intent to cheat and defraud his creditors, and to avoid the service of a summons. On the day preceding this application other creditors of the defendant applied for and procured attachments against his property on the same grounds, which were allowed by the county judge of Orleans county. The affidavits read before that officer were retained in his possession, and the originals were not produced to the justice who granted the attachment in this action. One of the grounds on which the motion to vacate was founded was a failure of proof to make a case for the granting of an attachment upon either of the grounds mentioned in the moving papers. We think the motion should have been granted, for the reason the proof was insufficient to establish either of the grounds upon which the application was founded. Upon a motion to vacate an attachment under the Code, the question is not one of jurisdiction of the officer who granted, but upon the facts presented the court is to determine whether the attachment ought to issue; and this is so when the motion is founded upon the alleged insufficiency of the affidavits upon which the order for the attachment was made, and a decision upon such a motion by the special term is reviewable upon the merits in this court. *Allen* v. *Meyer,* 73 N. Y. 1.

The rule as stated by the learned counsel for the respondent, that if the affidavits stated facts sufficient to give the officer jurisdiction, and to call upon him to exercise his judgment, a motion to vacate founded upon the same papers as those upon which the attachment was granted will be denied, has no application to this court on a motion to vacate an attachment. Such is the rule in the court of appeals, when reviewing an order of this court sustaining an attachment. If the attachment is granted in a case not authorized, or if there is an entire absence of facts proved justifying the granting of the same, the case will present a question of law, and the court of appeals would have jurisdiction to interfere and correct the legal error. *Id.* In that tribunal, if the affidavit shows any fact, however light, which tends to show the existence of the statutory conditions, the judge granting the attachment acquires jurisdiction; and it will not interfere, but affirm the order. *Bank* v. *Alberger,* 78 N. Y. 252. In Mr. Rumsey's work on Practice, (volume 1, p. 556,) it is stated that "if the motion to vacate the attachment is made upon the papers upon-

which it was granted, the warrant will only be vacated where the court has no jurisdiction to grant it, or where the affidavits utterly fail to show some fact which is essential to authorize the granting of the warrant;" and cites *Allen* v. *Meyer*, and *Bank* v. *Alberger, supra*, in support of the rule as stated. If this rule is quoted as indicating the limited jurisdiction of the court of appeals over the question, then it is entirely correct; but if the learned author intended to state the rule which prevails in this court when reviewing an order granting an attachment, it is not supported by the authorities. But it is quite evident that the rule as stated, when read with the context, applies only to the jurisdiction of the court of appeals, and the rule which prevails in that tribunal.

The plaintiff's own affidavit, which was read on the application for the attachment, does not state any fact in support of the charge that the defendant has departed from the state with intent to defraud his creditors, or to avoid the service of a summons. The supporting affidavits are wholly insufficient, as neither of the affidavits states any fact within his own knowledge from which it can be fairly inferred that the defendant has departed from the state for the purpose alleged. The statements contained in Mr. Cunneen's affidavit are based upon statements made to him by others, but he does not state that he believes such information to be true. Nor does it appear from any of the affidavits that any good reason existed why the persons from whom the information was derived were absent, or that their depositions could not obtained. The reason assigned for not procuring affidavits of those persons is that "it would be exceedingly inconvenient to get them, and would occasion delays which are undesirable in a race between creditors for preference." And yet it does appear by the affidavit of Mr. Cunneen, the attorney for the plaintiff in this action, that the affidavits from which he derived part of the information as stated in his said affidavit were prepared by him as attorney for other parties in procuring attachments against this defendant, who resided in the same village with the county judge who granted the attachments in those cases. Mere inconvenience is not a sufficient reason for not producing the affidavits of persons who have personal knowledge of the facts relied upon to establish a case for the granting of an attachment. *Yates* v. *North*, 44 N. Y. 271; *Bennett* v. *Edwards*, 27 Hun, 352; *Whitney* v. *Hirsch*, 39 Hun, 325. The same criticisms are applicable to the affidavits of Kelsey and Jerome, copies of which were also read in support of the plaintiff's application. Copies of affidavits which have been used in another case may be read in support of the application, as indicating the source from which the plaintiff derived his information, when it is made to appear that an original affidavit cannot be procured, and the plaintiff makes the further affidavit that he believes the statements contained in the affidavit of which he presents a copy are true. *Bennett* v. *Edwards, supra.* But it will be observed that neither Kelsey nor Jerome, in their affidavits, state that they believe that the information which they derived from others is true. In short, it may be stated that none of the facts related in any of the affidavits which were relied upon to prove the charge made against the defendant was within the personal knowledge of either of the affiants, and none of them were willing to state that they believed that the statements of fact made by them, founded upon information derived from others, were true, nor any sufficient excuse made for not presenting the affidavits of the persons from whom they derived such information.

The plaintiff insists, as a ground for denying the defendant's motion, that it did not appear by the moving papers that there had not been an actual application of the attached property, or the proceeds thereof, to the payment of a judgment recovered in the action, and that by the provisions of section 682, Code Civil Proc., the attachment could not be vacated after such an application had been made. The record discloses nothing on this subject, and if, in fact, a judgment had been recovered in the action, and the attached property applied

towards its satisfaction, we think it was for the plaintiff to disclose the fact as a defense to the motion.    The order of the special term reversed, and the motion to vacate the attachment granted, with $10 costs of this appeal, and disbursements.

DWIGHT, J., concurs.   MACOMBER, J., not voting.