WALTER SCOTT and Another, Appellants, *v.* HOMER J. BEAUDET, Respondent.

*Attachment — affidavit as to non-residence of the defendant made on information — excuse for not producing the affidavit of the party giving the information.*

An attachment was granted upon an affidavit of one of the parties bringing an action, which stated "that the defendant is a non-resident of this State (as deponent has been informed by Mr. Hutchinson, defendant's bookkeeper, and verily believes), and resides in the State of New Jersey."

*Held,* that the affidavit was sufficient.

That the rule of practice required that upon such applications the moving party should show why a fact stated upon information was not proved by the affidavit of the person giving such information, but that the court would not insist upon such proof where it appeared that the informant was the bookkeeper of the defendant, to whom it would presumably be dangerous for plaintiff to apply for an affidavit adverse to the interests of his employer.

APPEAL by the plaintiffs, Walter Scott and Albert E. Scott, from an order, entered in the office of the clerk of the city and county of New York on the 31st day of August, 1891, vacating an attachment heretofore granted in this action.

*A. G. N. Vermilya,* for the appellants.

*J. H. V. Arnold,* for the respondent.

BARRETT, J.:

The attachment was vacated upon the ground that the fact of non-residence was not sufficiently proved. The plaintiff Scott states in his affidavit as follows:

"That the defendant is a non-resident of this State (as deponent has been informed by Mr. Hutchinson, defendant's bookkeeper, and verily believes), and resides in the State of New Jersey."

The rule, undoubtedly, is, that where facts are stated on information, the affidavit should show its sources; that the affiant believes such information, and that the informants are absent, or that their depositions cannot be obtained. The affidavit in the present case concededly compiles with all these requisites except the last. It gives the name of the informant and states that the affiant "verily believes" the information. But it fails in terms to state that the informant's deposition cannot be obtained. We think, however, that the latter fact may reasonably be inferred from the business

relation which the informant bears to the defendant. When the affiant tells us that his informant is the defendant's bookkeeper he states a fact which, of itself, furnishes a reasonable ground for not applying for an affidavit. The law should not require so dangerous a formality as an application, which might readily result in frustrating the object of the plaintiff.

A person in the defendant's employ, especially one so close to him as his bookkeeper, could scarcely be expected to make a hostile affidavit against him; that, too, for the purpose of tying up his employer's property. The request for such an affidavit would, in the nature of things, be communicated to the defendant and give him time to conceal or dispose of his property before it could be reached by attachment. If the affiant here had said that the reason Mr. Hutchinson's affidavit could not be procured was because he was the defendant's bookkeeper, and affiant believed that he would refuse to make such an affidavit, and affiant also believed that the mere request therefor would be communicated to the defendant, and thus defeat the attachment, the rule would surely have been sufficiently complied with. Yet the affiant's belief and fears on that head would avail only because founded upon reason, namely, upon the fact stated that the informant is the defendant's bookkeeper, a fact fully justifying such belief and fears. Now, the statement of the fact carries with it the impress of such belief and fears quite as distinctly as though they had been mentioned in terms. We think, therefore, that the affiant has given a sufficient reason for the non-production of Mr. Hutchinson's affidavit, and that, upon the whole, Mr. Scott's affidavit was sufficient to justify the granting of the warrant. There is no force in the further objection that the information may have related to a past period, and not to the time when the attachment was granted. The affiant speaks of the defendant's non-residence as of the present time, and the fair implication is that such was his information.

The order appealed from should be reversed, with costs and the usual disbursements, and the attachment reinstated.

VAN BRUNT, P. J., and INGRAHAM, J., concurred.

Order reversed, with costs and usual disbursements, and the attachment reinstated.