NATIONAL BANK OF COMMERCE v. WHITEMAN PULP & PAPER CO. et al.

(Supreme Court, General Term, First Department, January 13, 1893.)

1. ATTACHMENT—AFFIDAVIT—ABSCONDING DEBTOR.
   The affidavit of a sheriff that he has made diligent efforts to serve a summons and complaint on a defendant named therein, at the place "where she has resided for years," but could not because she had left the state to avoid the service thereof, and that he was informed by her son's bookkeeper that she had left the state, and by her daughter that she had gone to avoid the service of process, is sufficient to give jurisdiction to issue an attachment.
2. SAME—INFORMATION DERIVED FROM OTHERS.
   Such affidavit is not fatally defective because of the absence of reasons why the persons giving the information did not themselves make affidavit.

Appeal from special term, New York county.

Action by the National Bank of Commerce in New York against the Whiteman Pulp & Paper Company, Alonzo J. Whiteman, and Rebecca E. Whiteman on a promissory note, in which the property of Rebecca E. Whiteman is attached. Webster B. Van Nuys, claiming to be a subsequent lienor, made a motion to vacate the attachment. From an order denying the motion, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Fred. W. Noyes, for appellant Van Nuys.
Frederic A. Ward and B. D. Silliman, for respondent.

O'BRIEN, J. The appellant, claiming to be a subsequent lienor, moved to vacate the warrant of attachment granted herein against the

property of the defendant Rebecca E. Whiteman, upon the ground that the affidavits upon which the attachment was granted were upon information and belief, and were defective because of the absence of sufficient reasons why the persons giving the information did not themselves make the affidavits.   The attachment itself, as to the defendant Rebecca E. Whiteman, was upon the ground that, though a resident of this state, she had departed therefrom with intent to avoid the service of a summons.   The affidavit of the president of the plaintiff discloses that the statement made by him, that Mrs. Whiteman, "having a life interest in certain real estate in the village of Dansville, N. Y., has been sent by her son to Holdrege, in the state of Nebraska, and has departed from this state with intent to avoid the service of a summons," is predicated upon information received from plaintiff's attorney, with respect to information received by the latter from the sheriff of Livingston county, to whom the summons and complaint in the action had been sent for service.   In addition, we have the affidavit of the sheriff, showing that the information of the president of the plaintiff was derived from him. Upon the merits, the attachment must stand or fall upon this affidavit of the sheriff; and the question presented is, whether it makes out a prima facie case showing that the defendant Mrs. Whiteman had left the state with intent to avoid the service of process.   The sheriff swears that he formerly resided in Dansville, and was well acquainted with the defendant Mrs. Whiteman, who was an aged lady upwards of 70 years old; that, upon receipt of the summons and complaint, he attempted to serve the same upon her at Dansville, "where she had resided for years, but she was not to be found, and I was unable to serve her; and, although I have used the utmost diligence, I have since been unable to find, or to serve her with said summons and complaint, for the reason that she has left the county and the state to avoid the service thereof." He further states that the defendant Alonzo J. Whiteman failed in business, and, with his mother, was an indorser upon a large amount of promissory notes, which have been protested, and attachments have been obtained against his property; that he had "made diligent inquiry at Dansville regarding the whereabouts of the defendant Rebecca E. Whiteman, and ascertained that she has gone west because of the pendency of the suits aforesaid, and to avoid service of the summons herein." He then proceeds to disclose the sources of his information, and shows that it was derived from a Mr. Leman, who was the clerk of the defendant Alonzo J. Whiteman, and from Alonzo's sister, a daughter of the defendant Rebecca, who also lived at Dansville.   From the former he ascertained that Rebecca had left, and gone to Nebraska, and from the latter that her going was in order to avoid the service of process in the suits brought by holders of the notes on which she was indorser with her son Alonzo.

The criticism made by appellant is that reasons are not given why the affidavits of both Mr. Leman and Clara Whiteman were not produced. Within the principle, however, of the case of Scott v. Beaudet, (Sup.) 16 N. Y. Supp. 409, this is not fatal to the sufficiency of the affidavit. That was a case in which the affidavit for the attachment on the ground of nonresidence of the defendants was attacked because made upon in-

formation received from the defendant's bookkeeper, whose affidavit was not obtained, nor reasons given for not obtaining it. It was therein held that, where the relations between the parties are such that the reasons for not obtaining the affidavit of the informant may be reasonably inferred, the explanation of the absence of such an affidavit is not necessary. We think that, having in view the actual knowledge of the sheriff with respect to the persons and their places of residence, and the information derived by him as to the attachment issued against the property of the defendants, coupled, as it was, with the information derived from the bookkeeper and sister of the defendant Alonzo J. Whiteman, of their having left the village of Dansville, together with a statement of the diligent efforts made by him to serve the summons and complaint, these circumstances fully justify his conclusion, and make out a prima facie case against Mrs. Whiteman of having left her place of residence with intent to avoid service of process. This is all that was required to give the court jurisdiction, no question being raised but that all the other grounds necessary were shown to the court granting the attachment. Were we to require more than is here furnished to prove that a person has departed with intent to avoid service of a summons, we should render it exceedingly difficult for plaintiffs to obtain an attachment upon this ground. The criticisms of the appellant upon the affidavits of the plaintiff, if applied to his position as a subsequent lienor, would raise a serious question as to his right or standing to make the motion. Instead, however, of disposing of it upon this ground, we have concluded that, upon the merits, the judge at special term was right in denying the motion to vacate the attachment, and that the order appealed from should be affirmed, with costs and disbursements. All concur.