THE EMPIRE WAREHOUSE COMPANY (LIMITED), Respondent, *v.* PETER MALLETT, as Surviving Partner of the Firm of PETER MALLETT & Co., Appellant.

84h 561
52ad540

*Attachment — defective papers — requirements of the Code of Civil Procedure, § 636 — the disposal of plaintiff's property converted by the defendant does not justify the attachment.*

The papers upon which an attachment was granted are defective if they fail to show an assignment, disposal or secretion of the property by the defendant with the intent to defraud creditors, as required by section 636 of the Code of Civil Procedure, and if every allegation contained therein relating to the alleged assignment, disposal or secretion of his property by the defendant with the intent to defraud his creditors is made upon information and belief and the grounds of such information and belief are withheld.

In order to meet the requirements of section 636 of the Code of Civil Procedure it is not sufficient to show that the defendant has assigned, disposed of or secreted the plaintiff's property; the demands of the statute can only be met by showing that the defendant has made such disposition of his own property with the intent to defraud his creditors.

Although the cause of action alleged in a complaint be that the defendants, as agents of the plaintiff, received from time to time sums of money belonging to the plaintiff, which they wrongfully converted to their own use, and although by the commencement of such action the plaintiff waived the tort committed by the defendants in such conversion, yet, as the title to the money so collected became vested in the defendants only from the time of the commencement of such action, it cannot be said that the agents, in secreting or disposing of such moneys prior to the commencement of such action, secreted or disposed of their own property in fraud of the plaintiff so as to justify the issuance of a writ of attachment in his behalf.

APPEAL by the defendant, Peter Mallett, as surviving partner of the firm of Peter Mallett & Co., from an order of the Supreme

Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of November, 1894, denying the defendant's motion to vacate and set aside the attachment issued in this action.

*Charles M. Demond,* for the appellant.

*John V. Bouvier, Jr.,* for the respondent.

PER CURIAM:

The papers on which the attachment was granted are defective, in that they fail to show assignment, disposal or secretion of property by the defendants with the intent to defraud creditors, as required by section 636 of the Code of Civil Procedure. Every allegation relating to an alleged assignment, disposal or secretion of their property by the defendants with intent to defraud their creditors is made upon information and belief, and the grounds of such information and belief are withheld.

The cause of action alleged in the complaint is that the defendants, as agents for the plaintiff, received from time to time sums of money belonging to the plaintiff, aggregating $44,018.98, which they wrongfully converted to their own use. If the requirements of section 636 of the Code of Civil Procedure could be satisfied by affidavits to the effect that defendants had assigned, disposed of or secreted such sum with intent to defraud their creditors, the attachment could be upheld. But it does not suffice to show that defendants have assigned, disposed of or secreted plaintiff's property, for the demands of the statute can only be met by showing that the defendants have made such disposition of their own property with such intent. (*German Bank* v. *Dash,* 60 How. Pr. 124.)

The plaintiff ingeniously seeks to meet this difficulty by the following argument: "That by the action of the plaintiff in waiving the tort committed by the defendants in the conversion and appropriation to their own use of the funds collected by them as agents of the plaintiff, the title to the moneys so collected has passed to and been vested in the defendants; and, therefore, in assigning, secreting or disposing of such moneys, they have so disposed of their own property, as to defraud the plaintiff, their creditor;" and the affidavits being sufficiently full and definite in that respect the requirements of the statute are sufficiently complied with.

*First.* It has already been decided otherwise in *German Bank* v. *Dash* (*supra*).

*Second.* At the time the defendants are alleged to have assigned, disposed of or secreted the moneys of the plaintiff the title was not vested in them. The title was then in the plaintiff, and continued to be in it until the commencement of this action, when for the first time the plaintiff waived the tort and sought to recover upon an implied contract.

Plaintiff's argument, therefore, is defective in that it necessarily assumes that the title to the moneys was in the defendants at the time they are alleged to have assigned or disposed of them; whereas, in fact, the title was in the plaintiff at that time, and so continued until the commencement of this action.

The order should be reversed, with ten dollars costs and printing disbursements, and the motion to vacate the attachment granted, with ten dollars costs.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Order reversed, with ten dollars costs and disbursements, and motion to vacate granted, with ten dollars costs.