(18 Misc. Rep. 639.)

## LEVY v. GOLDSTEIN.

(Supreme Court, Special Term, Onondaga County. December, 1896.)

1. ATTACHMENT—FRAUDULENT DISPOSITION OF PROPERTY—EVIDENCE.
   Attachment on the ground that defendant has disposed of his property with intent to defraud his creditors is authorized by evidence that, within a week after making the last purchase from plaintiff, defendant gave a mortgage on his stock in trade; that shortly afterwards it was discovered that a large quantity of goods was missing from defendant's store; that a part of such goods was found hidden in a farmhouse, and that the persons in possession said that defendant had brought the goods there.

2. SAME—AFFIDAVIT USED IN ANOTHER ACTION.
   Plaintiff may embody in his affidavit for attachment extracts from an affidavit used in attachment proceedings by other parties against defendant, where neither the affiant nor the original affidavit can be produced.

3. SAME—INFORMATION AND BELIEF.
   An affidavit need not state in terms that its allegations are made on information and belief because it is impracticable to produce the affidavit of the informant, if such impracticability fairly appears from all the moving papers.

4. SAME—AVERMENT THAT INFORMATION IS BELIEVED.
   An affidavit on information and belief need not state that affiant believes the information, where the source of the information is an affidavit made in a legal proceeding.

Action by Levi Levy against Moses Goldstein, in which there was an attachment of defendant's property, on the ground that he had disposed of property with intent to defraud his creditors. Defendant moves to vacate the warrant of attachment on the papers on which it was issued. Denied.

James R. Baumes, for the motion.
W. L. Barnum, opposed.

HISCOCK, J. The affidavits upon which the warrant in this case was granted seem to sufficiently and properly establish as part of the general surroundings of the case that the sale of the goods for the purchase price of which this action is brought extended to as late a date as October 12, 1896; that upon October 17, 1896, defend-

ant gave a mortgage upon the goods in the store previously operated by him; that on or before October 19th various actions in replevin, and with attachments for considerable amounts, had been instituted against defendant. The further facts directly bearing upon the alleged fraudulent disposition by defendant of his property then appear, as follows: The affiant, Henry Danziger, Jr., swears that upon October 19th, when he visited the store of the defendant at Sidney, N. Y., in the interest of certain replevying creditors, he was unable to find in said store a large amount of goods called for in said actions; that he had been informed that defendant had carted goods into the country, and sent out agents to find those goods, and that said agents returned thereafter with goods, of which part at least were the ones sought to be replevied in the above-mentioned action. The affiants, Harrison and Amdursky, by their respective affidavits, testify that on or about October 20th, in the interest of certain creditors of defendant, they learned that defendant had hidden and secreted goods in the outlying country about Sidney, and upon the following day they drove to a certain farmhouse, and there, after various inquiries and searching, found in three different rooms in said house two trunks, a satchel, and a bureau filled with goods, consisting of clothing belonging to their principals and other creditors mentioned in Danziger's affidavit, and theretofore sold to defendant; and which goods, as they were informed by the person having possession of them, had been brought there by the defendant. Said goods were given up by the party having them in possession.

There can be no question about the proposition of law urged by defendant's counsel that fraud in the case of a warrant of attachment, as in any other legal proceeding, is to be established, and not presumed. The question, however, of when it is so established as to justify the granting of a warrant of attachment must largely depend upon the particular facts and circumstances of each case. It seems to me that the foregoing facts, especially in the absence of any explanation or denial, are so suspicious, and do so tend to support plaintiff's contention of an unlawful disposition by defendant of his property, as to justify the granting of the warrant here sought to be set aside. The foregoing conclusion and the force of plaintiff's affidavits will be materially strengthened if he can avail himself upon this motion of the information said to have been given by one Bowen, an employé at an hotel in Sidney. This information was to the effect, in substance, that during the Sunday night of October 18th and early the following morning (immediately succeeding the giving of the mortgage heretofore mentioned, and just preceding the replevin and attachment suits above referred to) he helped defendant in what could be fairly inferred to be a removal of a large amount of goods from his store. This information is sought by the plaintiff to be utilized by reason of the fact, as appears by the affidavit of one of his attorneys herein, that it was incorporated in an affidavit made by said Bowen, and used in another case, with which to secure an attachment granted by Mr. Justice Lyon, of Binghamton. This affidavit, at the time the warrant in this action was granted, being in the hands of the sheriff of Delaware county, and it being impossi-

ble to secure the same, the substance of it was set forth in the affidavit of said plaintiff's attorney herein. The affiant was a resident of Sidney. Defendant's attorney insists that under these circumstances the information of Bowen is not verified in any way, but is mere hearsay, and does not furnish any basis for the action of the justice in granting the warrant herein. This contention would not seem to be well founded. The original affidavit made by Bowen in the suit instituted by other parties against defendant, although once used, might have been used again in this action. Mojarrieta v. Saenz, 80 N. Y. 547. It being impossible to obtain the original affidavit, the rule seems to have been recognized that extracts therefrom, embodied in an affidavit herein, may be utilized and considered by the court. Whitney v. Hirsch, 39 Hun, 325, 328; Bennett v. Edwards, 27 Hun, 352; Selser Bros. Co. v. Potter Produce Co., 77 Hun, 313, 315, 28 N. Y. Supp.' 428. Even if it should be considered that in this manner the affidavit of Bowen has not been sufficiently brought before the court to be treated as an original affidavit upon the application in this case, it would be still entitled to consideration as a source of information and belief to sustain plaintiff's allegations of fraud. There is no question but that the plaintiff may sustain, in whole or in part, allegations of a fraudulent disposition of property for the purpose of an attachment suit upon information and belief. The main requirements are that in such a case he shall explain the failure to produce the affidavit or evidence of the person having personal knowledge and giving the information, and that it should appear that the information is reliable, and worthy of consideration. In this case it sufficiently appears that Bowen was a resident of a distant county, and was not easily accessible. Courts will take judicial notice of the fact that attachment papers must frequently, in fact generally, be prepared with more or less haste; and if a sufficient excuse appears from the papers for not producing the affidavit of the original informant, it will be dispensed with. It is not necessary that the plaintiff should state in so many words that he makes certain allegations on information and belief instead of producing the affidavit of the informant because the latter is impracticable, if from all the papers such impracticability fairly appears. Bennett v. Edwards, 27 Hun, 352, 354; Scott v. Beaudet (Sup.) 16 N. Y. Supp. 409; Steuben Co. Bank v. Alberger, 78 N. Y. 252, 258; Brewster v. Van Camp (Sup.) 8 N. Y. Supp. 588, 589. The circumstances detailed in plaintiff's affidavits as attending the making by Bowen of his original affidavit not only do not cast any suspicion upon its reliability and truthfulness, but seem to indicate that it is entirely worthy of consideration in these respects. The affidavit of plaintiff states "that he is informed and verily believes that the defendant herein has disposed of valuable property," etc., and "that the sources of plaintiff's information and the grounds of his belief are conversations with certain parties whose affidavits are hereto annexed, and form a part of the papers in these proceedings." This language would seem to be sufficient to convey the guaranty of plaintiff's belief in the truthfulness of Bowen's affidavit, of which the substance was set forth and annexed. Furthermore, when the

source of information, as in this case, is verified by the oath of the informant, and subject to the penalties of perjury, there does not seem to be that necessity for an express statement by the informant that he believes the information, which is sometimes held to be necessary or proper in the cases of unverified informations. The affidavit of Bowen as a source of information therefore appears to come within the rules laid down in Murphy v. Jack, 142 N. Y. 215, 217, 36 N. E. 882, and Buell v. Van Camp, 119 N. Y. 160, 23 N. E. 538. Defendant's motion to vacate said warrant of attachment is denied, with $10 costs, but without prejudice to his right to renew said application upon additional affidavits.

Motion denied, with $10 costs, without prejudice to right to renew.