HUNT v. ROBINSON.

(Supreme Court, Appellate Division, First Department. June 22, 1900.)

ATTACHMENT—CAUSE OF ACTION—AFFIDAVIT OF EXISTENCE—ASSIGNOR—INFOR-
MATION AND BELIEF—INSUFFICIENCY.

Code Civ. Proc. §§ 635, 636, provides that, to entitle a plaintiff to an attachment, he shall show by affidavit that the cause of action on which he relies exists against the defendant, and that an action for breach of contract is one in which attachment will lie. *Held* that, where plaintiff's affidavit alleged, on information and belief, that a cause of action for breach of a contract made between defendant and plaintiff's assignor existed in favor of plaintiff, but which did not give the sources of such information or the grounds of belief, and where the affidavits for attachment related solely to an allegation of a fraudulent disposition of his property by defendant, it was not sufficiently shown that a cause of action existed against defendant, and the attachments were properly vacated.

Appeal from special term, New York county.

Attachment by Harrison D. Hunt against Benjamin Robinson on a claim for breach of contract. From an order denying motion of defendant to vacate the attachment, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-LIN, PATTERSON, and INGRAHAM, JJ.

Richard V. Boyd, for appellant.

J. F. Harrison, for respondent.

McLAUGHLIN, J. Plaintiff obtained a warrant of attachment on the ground that the defendant had assigned and disposed of his property with intent to hinder and delay his creditors (section 635 of the Code of Civil Procedure), which the defendant moved to vacate upon the papers upon which it was granted. The motion was denied, and he has appealed.

The warrant was granted upon an affidavit of the plaintiff and his attorney, and a copy of an affidavit of the plaintiff's assignor, used in another action. Plaintiff's cause of action, as appears from these affidavits, is the breach of a contract entered into between the defendant and one Johnson, plaintiff's assignor, by the terms of which

the defendant agreed to indemnify Johnson against a certain claim of the Hoyt & Olmstead Cigar Company. The only proof of the existence of such cause of action is the affidavit of the plaintiff himself, which is made on information and belief. Neither the source of his information nor the ground of his belief is stated. The affidavit of his attorney and the copy of the affidavit of Johnson relate solely to the alleged fraudulent disposition of the defendant's property. The assertion of a fact in an affidavit upon information and belief ·proves nothing (Mowry v. Sanborn, 65 N. Y. 584), and, unless the sources of the information and the grounds of the belief be stated, an affidavit on information and belief is insufficient to authorize the granting of a warrant of attachment (Bank v. Alberger, 78 N. Y. 252; Murphy v. Jack, 142 N. Y. 215, 36 N. E. 882; Warehouse Co. v. Mallett, 84 Hun, 561, 32 N. Y. Supp. 861; Bank v. Wallace, 4 App. Div. 382, 38 N. Y. Supp. 851; Wallace v. Baring, 21 App. Div. 477, 48 N. Y. Supp. 692). The papers upon which the warrant was granted were insufficient to prove the existence of a cause of action, and therefore the motion to vacate should have been granted.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted with $10 costs. All concur.