## SIZER v. HAMPTON & B. R. & LUMBER CO.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

ATTACHMENT—AFFIDAVIT—REQUISITES.

>Code Civ. Proc. § 636, enacts that, to entitle plaintiff to an attachment, he must show by affidavit that there exists one of the several causes of action enumerated therein. In an action for breach of contract, the verified complaint stated that plaintiff was informed and believed that those with whom it had contracted had acted as agents for defendant, and not for themselves; and there was no affidavit presented tending to show any fact from which such agency could be inferred, nor any statement as to the grounds of plaintiff's belief. *Held*, that it was error to issue an attachment.

Appeal from special term, New York county.

Action by Robert R. Sizer against the Hampton & Branchville Railroad & Lumber Company. From an order denying defendant's motion to vacate an attachment on the papers on which it was granted, defendant appeals. Reversed.

See 68 N. Y. Supp. 232.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Willis B. Dowd, for appellant.
Eustace Conway, for respondent.

INGRAHAM, J. The attachment was granted upon a complaint verified in the usual form, and upon an affidavit of the plaintiff. The action is to recover the damages sustained by the failure to perform a contract for the sale of certain lumber, the contract being made by the firm of Campbell & Scherer. The complaint alleges that the plaintiff is informed and believes that Campbell & Scherer acted as commission agents for the defendant company, and not in their own behalf; that said agency was a secret agency, and unknown to this plaintiff, and was first known to him in the year 1898, after the commencement of a suit in the city court of the city of New York, brought against the plaintiff by the defendant company. The only allegation of the agency of Campbell & Scherer is this allegation in the complaint upon information and belief. There was no affidavit presented to the judge granting the attachment, tending to show any fact from which such agency can be inferred, nor is there any statement of the grounds of the plaintiff's belief as to such agency. The liability of the defendant rests entirely upon the existence of such agency, and, to justify an attachment, there must be proof presented to the judge granting the same that one of the causes of action specified in section 635 of the

Code exists against the defendant (Code Civ. Proc. § 636). Here there is absolutely no proof that any cause of action existed against the defendant; no proof that this firm of Campbell & Scherer were the agents of the defendant, or that the defendant had any relation whatever to the contract sued on. In the absence of such proof, the attachment should not have been granted. Hunt v. Robinson, 52 App. Div. 539, 65 N. Y. Supp. 386.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate the attachment granted, with $10 costs. All concur.