ROBERT R. SIZER, Respondent, *v.* THE HAMPTON AND BRANCHVILLE RAILROAD AND LUMBER COMPANY, Appellant.

| 67 | 547 |
| 76 | 116 |

*Attachment — an affidavit on information and belief, when an insufficient basis therefor.*

In an action for the breach of a contract, in which the liability of the defendant is predicated upon the theory that the firm which executed the contract acted as agent for the defendant, an attachment against the defendant's property will not be granted where all that appears upon the subject of the firm's agency for the defendant is an allegation of the complaint that the plaintiff is informed and believes that the firm acted as the defendant's agent, and no fact is shown from which such agency can be inferred nor any statement made of the grounds of the plaintiff's belief as to such agency.

APPEAL by the defendant, The Hampton and Branchville Railroad and Lumber Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of September, 1901, denying the defendant's motion to vacate an attachment on the papers upon which it was granted.

*Willis B. Dowd*, for the appellant.

*Eustace Conway*, for the respondent.

INGRAHAM, J.:

The attachment was granted upon a complaint verified in the usual form and upon an affidavit of the plaintiff. The action is to recover the damages sustained by the failure to perform a contract for the sale of certain lumber, the contract being made by the firm of Campbell & Scherer. The complaint alleges that the plaintiff is informed and believes that Campbell & Scherer acted as commission agents for the defendant company and not in their own behalf; that said agency was a secret agency and unknown to this plaintiff and was first known to him in the year 1898 after the commencement of a suit in the City Court of the city of New York brought against the plaintiff by the defendant company. The only allegation of the agency of Campbell & Scherer is this allegation in the complaint upon information and belief. There was no affidavit presented to the judge granting the attachment tending to show any fact from which such agency can be inferred, nor is there any statement of the grounds of the plaintiff's belief as to such agency. The liability of the defendant rests entirely upon the existence of such agency, and to justify an attachment there must be proof presented to the judge granting the same that one of the causes of action specified in section 635 of the Code exists against the defendant. (Code Civ. Proc. § 636.) Here there is absolutely no proof that any cause of action existed against the defendant; no proof that this firm of Campbell & Scherer were the agents of the defendant, or that the defendant had any relation whatever to the contract sued on. In the absence of such proof the attachment should not have been granted. (*Hunt* v. *Robinson*, 52 App. Div. 539.)

It follows that the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion to vacate the attachment granted, with ten dollars costs.

VAN BRUNT, P. J., MCLAUGHLIN and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.